46266. SHAPIRO v. LIPMAN.
(377 SE2d 673)

HUNT, Justice.

The question for determination in this appeal is which party is "prevailing," for the purposes of an attorney fee award under OCGA § 19-6-19 (d). The husband filed a petition for modification of alimony, contending the wife's receipt of a substantial inheritance constituted a material change in her financial circumstances, and requesting that his obligation to pay alimony be terminated in its entirety or modified downward. The wife denied any change in her financial circumstances and denied the husband was entitled to any modification of his obligation. Following a trial, the jury rendered a verdict reducing the husband's monthly alimony obligation by $250 per month, from $1,650 to $1,400. We granted the husband's application to appeal from the trial court's subsequent award of attorney fees to the wife.

The trial court awarded attorney fees to the wife under OCGA § 19-6-19 (d), which provides:

> In proceedings for the modification of alimony for the support of a spouse or child pursuant to the provisions of this Code section, the court may award attorneys' fees, costs, and expenses of litigation to the prevailing party as the interests of justice may require.

The trial court concluded the wife was the prevailing party because she successfully defended her entitlement to a substantial support obligation. The trial court noted that, although the husband had asked the jury to terminate his obligation in its entirety, the jury authorized only a minor reduction.

Although OCGA § 19-6-19 (d) gives the court discretion *whether* to award attorney fees to a prevailing party, it does not authorize the court to designate *who* is the prevailing party. That determination is

made by the trier of fact, in this case, the jury. Since the only issue in the case was whether the husband's alimony obligation should be reduced, and since the husband was successful on that claim, albeit not to the extent he might have hoped, he was the prevailing party. Accordingly, the trial court was not authorized to award the wife attorney fees under OCGA § 19-6-19 (d). Nonetheless, this holding does not require reversal of the trial court's award of attorney fees to the wife because the trial court would have been authorized, in its discretion, to award her fees under OCGA § 19-6-22 which provides:

Where a [petition to modify alimony] is filed by a party obligated to pay alimony, the court may require the party to pay the reasonable expenses of litigation as may be incurred by the party's former spouse, either on behalf of the former spouse, or the child or children, or both, in defense thereof.

*Hilsman v. Hilsman*, 245 Ga. 555, 556 (2) (266 SE2d 173) (1980). Contrary to the husband's argument, the trial court's discretion in making an award under OCGA § 19-6-22 is not limited to a consideration of the financial circumstances of the party opposing modification.

Both OCGA § 19-6-19 (d) and § 19-6-22 authorize but do not require the trial court to award attorney fees — to the prevailing party under OCGA § 19-6-19 (d) and to the defending party under OCGA § 19-6-22. Since the trial court awarded the wife attorney fees, erroneously determining her to be the prevailing party under OCGA § 19-6-19 (d), it is apparent it exercised its discretion in making that award and would have done so under OCGA § 19-6-22. We find no abuse of discretion in the trial court's award of attorney fees to the wife and therefore affirm under the rule that a judgment right for any reason must be affirmed. *Simmons v. Boros*, 255 Ga. 524, 525 (341 SE2d 2) (1986).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 15, 1989.

*Alembik, Fine & Callner, Kathy L. Portnoy*, for appellant.
*George S. Stern*, for appellee.