S93A0272. KEELER et al. v. KEELER.
(430 SE2d 5)

BENHAM, Justice.

We granted this discretionary appeal for the purpose of considering the trial court's award of attorney fees to appellee against both appellants, his former wife and her attorney. The action began with appellant Keeler's petition to modify the child support provision of the divorce decree. Settlement negotiations were unsuccessful and the matter was presented to a jury. The verdict increased the amount of child support from $0 per month to $575 per month. The parties agree that the amount awarded was less than the amount offered in settlement by appellee. The trial court subsequently signed an order prepared by appellee's counsel in which appellee was awarded attorney fees under OCGA §§ 19-6-19 (d) and 9-15-14.

1. OCGA § 19-6-19 (d) provides for an award of attorney fees, costs, and expenses of litigation to the prevailing party in an action

for modification of alimony or child support. Although the order is silent with regard to which party prevailed, a holding that appellee is the prevailing party is implicit in the award. That holding, however, was erroneous.

> Although OCGA § 19-6-19 (d) gives the court discretion *whether* to award attorney fees to a prevailing party, it does not authorize the court to designate *who* is the prevailing party. That determination is made by the trier of fact, in this case, the jury. Since the only issue in the case was whether the husband's [child support] obligation should be [increased], and since the [wife] was successful on that claim, albeit not to the extent [s]he might have hoped, [s]he was the prevailing party. Accordingly, the trial court was not authorized to award the [husband] attorney fees under OCGA § 19-6-19 (d).

*Shapiro v. Lipman*, 259 Ga. 85 (377 SE2d 673) (1989). We find no merit in appellee's argument that he was the prevailing party because the jury's award was less than appellee offered in settlement and because the modification will result ultimately in a net loss to appellant Keeler.[1] To permit the fact of a settlement offer to control the issue would put the decision in the trial judge's hands, conflicting with the holding in *Shapiro* that it is the finder of fact who decides which is the prevailing party. The statutory provision for attorney fees does not address the issue of which party is benefitted the most in the long run, but is directed solely to the result of the modification action; since that resulted in an increase in appellee's child support obligation, he was not the prevailing party. Insofar as the award of attorney fees was based on OCGA § 19-6-19 (d), it must be reversed.

2. The trial court's order recited that the award was also based on OCGA § 9-15-14. Although appellee asserts that the award was based on appellants' expansion of the litigation by refusing a settlement offer,[2] the order contains no findings of conduct which would authorize an award under that section and must, therefore, be vacated. *Porter v. Felker*, 261 Ga. 421 (3) (405 SE2d 31) (1991). The case must be remanded for reconsideration of the award of expenses of litigation under OCGA § 9-15-14. Id.

*Judgment reversed in part, vacated in part, and case remanded.*

---

[1] The 1989 divorce decree provided for appellee to begin paying child support in July 1992 in an amount appellee asserts would have been greater than that awarded by the jury in May 1992. The petition for modification was filed in August 1991.

[2] But see *Weaver v. Weaver*, 263 Ga. 56 (428 SE2d 79) (1993), in which this court held, albeit in the context of a different attorney fees statute (OCGA § 19-6-2), that an award of attorney fees based solely on a party's refusal to settle was an abuse of discretion.

*All the Justices concur, except Hunt, P. J., who concurs in the judgment only.*

DECIDED JUNE 1, 1993.

*Lennard & Rychlik, David M. Rychlik,* for appellants.
*Steinberg & Vrono, Charles J. Vrono,* for appellee.