A96A1140. MORRIS v. MORRIS.
(475 SE2d 676)

SMITH, Judge.

In July 1993 Frieda Morris filed a complaint for domestication of a foreign judgment and modification of child support against her former husband, James Morris. On August 28, 1995, she dismissed the action without prejudice. Mr. Morris subsequently filed a motion for award of attorney fees and litigation expenses pursuant to OCGA §§ 19-6-19 (d) and 9-15-14 (b). Without entering findings illustrating conduct authorizing an award, the trial court granted the motion.

Ms. Morris appeals, contending that attorney fees were erroneously granted under both statutes.

1. The trial court erred in awarding attorney fees under OCGA § 19-6-19 (d). That section provides for the award of attorney fees to the prevailing party in child support modification actions. Only a trier of fact may determine who is the prevailing party: "Although OCGA § 19-6-19 (d) gives the court discretion *whether* to award attorney fees to a prevailing party, it does not authorize the court to designate *who* is the prevailing party. That determination is made by the trier of fact." *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673) (1989). Accord *Keeler v. Keeler*, 263 Ga. 151, 152 (1) (430 SE2d 5) (1993).

Here, no trier of fact ever had the opportunity to determine whether any party prevailed. Ms. Morris's first (and only) voluntary dismissal of the action did not make Mr. Morris a prevailing party. A voluntary dismissal does not operate as an adjudication on the merits unless it is the third such dismissal. OCGA § 9-11-41 (b) and (c); *Gillis v. Goodgame*, 199 Ga. App. 413, 414 (2) (404 SE2d 815) (1991), rev'd on other grounds, 262 Ga. 117 (414 SE2d 197) (1992). See generally *Page v. Holiday Inns,* 245 Ga. 12, 13 (262 SE2d 783) (1980).

Also, Mr. Morris did not acquire prevailing party status simply because he benefitted from the dismissal. To allow a voluntary dismissal to control the identity of the prevailing party would conflict with the holdings in *Shapiro* and *Keeler* that the finder of fact must make that determination. Indeed, OCGA § 19-6-19 (d) does not "address the issue of which party is benefitted the most in the long run" *Keeler,* supra at 152 (1), but is directed solely to the factfinder's decision that one party has prevailed. Id. No trier of fact — judge or jury — ever decided that Mr. Morris was the prevailing party. Consequently, inasmuch as the award was based on OCGA § 19-6-19 (d), it must be reversed.

2. In addition to awarding attorney fees pursuant to OCGA § 19-6-19 (d), the trial court's order also recited that attorney fees were awarded under OCGA § 9-15-14 (b). Although Mr. Morris contends that the award was based primarily on Ms. Morris's abuse of the discovery process, the trial court's order does not contain findings of conduct that authorize an award; it therefore must be vacated. *Keeler*, supra, 263 Ga. at 152 (2); *Porter v. Felker*, 261 Ga. 421, 422 (3) (405 SE2d 31) (1991). This case is remanded with direction that the trial court vacate its order, reconsider the award of attorney fees under OCGA § 9-15-14 (b), enter appropriate findings of fact, and enter a new judgment, from which the losing party may appeal. *Keeler; Porter,* supra. See also *Hardwick-Morrison Co. v. Mayland*, 206 Ga. App. 426, 427 (425 SE2d 416) (1992).

3. Ms. Morris contends that the trial court abused its discretion

in awarding attorney fees under OCGA § 9-15-14 and that the trial court erroneously awarded the full amount of attorney fees and expenses of litigation to Mr. Morris. In light of our holding in Division 2 remanding this case and directing the trial court to enter written findings of conduct authorizing an award of attorney fees, these contentions are not ripe for our review.

*Judgment reversed and case remanded with direction. Andrews, J., and Senior Appellate Judge Harold R. Banke concur.*

. DECIDED AUGUST 28, 1996.

*Beltran & Bills, Frank J. Beltran, Simone R. Siex, Ralph Perales, Charlotte K. Perrell*, for appellant.

*Rubin, Winter, Rapoport & Hall, Michelle B. Rapoport*, for appellee.