A97A2031. TAMBONE v. INDIANA INSURANCE COMPANY et al.
(493 SE2d 578)

McMURRAY, Presiding Judge.

Plaintiff John R. Tambone, M.D., brought this tort action against defendants Donald Lamar Jones and John Doe, and, under OCGA § 33-7-11 (d), served appellee Indiana Insurance Company, as the uninsured motorist carrier under an automobile insurance policy issued to plaintiff in the State of Illinois by Indiana Insurance Company. According to the complaint, plaintiff sustained catastrophic injuries when he was injured "in a motor vehicle/pedestrian collision which occurred on the 10th day of February, 1994 on U.S. Highway 41 North in the city limits of Dalton, Georgia at or near its intersection with Tibbs Road and in the vicinity of the Amoco Service Station and Best Western Motel, at which time Defendant Jones was driving too fast for conditions, failing to keep a lookout ahead, and Defendant Doe, while operating a 'trolley-type' vehicle, stopped and negligently motioned for the Plaintiff to cross the street." Defendant Jones denied the material allegations. Appellee Indiana Insurance Company appeared, neither admitting nor denying that defendant John Doe was uninsured or underinsured within the meaning of OCGA § 33-7-11 and denying that plaintiff had alleged a valid claim for relief under OCGA § 33-7-11 (d).

The circumstances of the accident were clarified at plaintiff's deposition. Plaintiff, a resident of Woodstock, Illinois, was born in 1913 and has practiced medicine since 1939. On the day of the accident, plaintiff and his wife were returning to Illinois from Florida. They drove as far as Dalton, Georgia, where they checked into a motel. Plaintiff "decided to get something to drink with the sandwiches [they] had brought." Plaintiff was "[t]rying to get either . . . beer or . . . soft drinks." That afternoon, "it was raining." The "desk clerk . . . pointed to a store nearby." Plaintiff decided he "was going to walk to the store." He "got out and walked in the direction of the store and got to the edge of the highway and stopped there because of the traffic going by." Plaintiff affirmed "the traffic was somewhat heavy because it was around 5:00 to 5:30. . . ." He did not think there was a stoplight or stop sign where he was trying to cross.

"As [plaintiff] was standing there, a vehicle came up at the head of the line of cars and stopped[,] stopping all the traffic behind it[, and] indicated to [plaintiff] that [he] could pass in front of him [sic]. . . . It was a large vehicle[, driven by] a man. . . . He [the

driver] just motioned with his hands to cross the street." Plaintiff "could see a line of vehicles that had stopped behind this vehicle. Plaintiff "looked, [and saw no] vehicle passing that line of stopped cars." Plaintiff "proceeded to cross in front of this vehicle and that's the last [he] remember[s]." Plaintiff did confirm however, that he "never touched it[, i.e., the large vehicle that stopped for him,] and it never touched [him]. . . ." Likewise, plaintiff never saw the trolley-type vehicle hit defendant Jones' car. Plaintiff further confirmed that he never notified Indiana Insurance Company about the alleged trolley-type vehicle between the accident on February 10, 1994 and the filing of the instant complaint on January 18, 1996.

After discovery, Indiana Insurance Company moved for summary judgment, contending in part that plaintiff was not afforded uninsured motorist coverage under his own automobile insurance policy because there was no physical contact between the alleged phantom trolley and himself, and also on the ground that plaintiff had failed to promptly notify the insurer of his claim for uninsured motorist benefits. The trial court granted Indiana Insurance Company's motion on both grounds and plaintiff appeals. *Held*:

1. In his sole enumeration of error, plaintiff contends the trial court erred in concluding that physical contact was required under Illinois law and under the policy at issue. We do not address this issue but affirm the grant of summary judgment on the alternative ground that plaintiff failed in his contractual duty to notify the insurer promptly of his claim for uninsured motorist benefits. A judgment that is correct for any reason must be affirmed. *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673); *Amwest Surety Ins. Co. v. RALIN & Assoc.*, 216 Ga. App. 526, 529 (1), 531 (455 SE2d 106).

2. The insurance policy issued to plaintiff contained the provision that there was "no duty [on the part of the insurer] to provide coverage . . . unless there has been full compliance with [various] duties [imposed on the insured, namely]: . . . [The insurer] must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses."

In his affidavit, Gerald Kukta, the custodian of plaintiff's claims file with Indiana Insurance Company, deposed that the insurer "received no notice of [plaintiff's] accident until his agent sent Indiana Insurance Company a loss statement by facsimile on October 23, 1995, which was received October 26, 1995. There was over a year and a half delay between the accident and when [plaintiff] gave notice that he was presenting a claim under the uninsured motorist coverage of his policy. . . . Before Indiana Insurance Company received notice of this claim, [plaintiff] had incurred over $100,000 in medical expenses." The insurer was deprived of the opportunity to

get a timely statement from plaintiff and deprived of any meaningful opportunity to investigate the claim so as to "identify and find the operator of the trolley-type vehicle so that a claim can be presented against them [sic]. As a result of [plaintiff's] delay, it is impossible for Indiana Insurance Company to recover under its uninsured motorist subrogation claim since the operator cannot be found."

In rebuttal, plaintiff argued that Indiana Insurance Company waived any defense based on plaintiff's tardy notification by failing to urge this ground when it initially denied coverage under its construction of Illinois law requiring physical contact. Each party gave statutory notice under OCGA § 9-11-43 (c) of the intent to rely on the law of a foreign jurisdiction. The parties agree that uninsured motorist coverage under this insurance policy is determined by the law of the State of Illinois. Accordingly, the questions whether plaintiff failed to comply with his contractual duty and whether the insurer waived any such defense will be determined by application of Illinois law, as officially published by authority in statute and case law. *Swafford v. Globe American Cas. Co.*, 187 Ga. App. 730, 731 (1), 733 (371 SE2d 180).

Plaintiff contends in effect that, under Illinois law, where an insurer refuses coverage on one ground it waives the right, or is estopped, to deny coverage on another ground. This is not our understanding of Illinois law.

"We believe that the better rule is that insureds must show that they relied to their detriment upon the insurer's failure to assert a particular defense. (See *National Tea [Co. v. Commerce &c. Ins. Co.*], 119 Ill.App.3d at 205, 74 Ill.Dec. 704, 456 N.E.2d 206, citing *Tibbs[ v. Great Central Ins. Co.*, 373 NE2d 492 (Ill. App. 1978)].)" *Jones v. Universal Cas. Co.*, 630 NE2d 94, 101 [8] (Ill. App. 1994). In the case sub judice, plaintiff made no effort to meet this burden. There is no evidence to contradict the showing that Indiana Insurance Company was prejudiced in its investigation of this unusual claim for uninsured motorist benefits, based on plaintiff's dilatory approach to notifying the insurer. "It is well established that ' "(a)s soon as practicable" in a policy covering liability for personal injury and property damage means within a reasonable time, and what is reasonable depends on the facts and circumstances of the case. [Cits.]' [Cit.] Generally, the question of what is a reasonable time is a question of fact to be decided by the jury, but if there is no controversy as to the facts, the question of reasonableness is for the judge to decide. [Cit.]" *Jones v. Universal Cas. Co.*, 630 NE2d 94, supra at 102 [10-11]. In the case sub judice, based on the circumstance that plaintiff made no attempt to notify his insurer until 18 months after the accident, and then did not justify this delay but relied on an erroneous understanding of the burden of proof to show harm, the trial court was authorized to con-

clude, as a matter of law applied to undisputed fact, that plaintiff failed in his contractual duty to ensure the insurer was notified promptly of any accident or loss. Consequently, the insurer had no duty to provide uninsured motorist coverage under the express terms of the policy sued upon. The trial court correctly granted Indiana Insurance Company's motion for summary judgment.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED NOVEMBER 5, 1997.

*Coppedge, Leman & Ward, Warren N. Coppedge, Jr., David L. McGuffey*, for appellant.

*Davis & Kreitzer, Steven W. Kreitzer, Chambers, Mabry, McClelland & Brooks, Robert M. Darroch, Benjamin T. Hughes, Susan G. James*, for appellees.