### S07A0241. HALEY v. HALEY.
(647 SE2d 10)

SEARS, Chief Justice.

In this child support modification action, the parties entered into a settlement agreement in which the appellant, Mr. Haley, agreed to increase his child support payments from $750 per month per child for two children to $2,700 per month for one child. The parties, however, were unable to resolve Ms. Haley's claim that Mr. Haley should reimburse her for up to $40,848 in attorney fees. Thus, the agreement provided as follows: "The issue of Ms. Haley's claim for expenses and attorney fees will be submitted to [the trial judge] by brief for decision by the Court. Mr. Haley will not seek from Ms. Haley expenses of litigation or attorney fees."

In subsequently ruling on Ms. Haley's claim for attorney fees, the trial court determined that Ms. Haley "prevailed" on her child support modification action,[1] and awarded Ms. Haley $16,150 in attorney fees. We granted Mr. Haley's application to appeal to consider whether the trial court erred in awarding attorney fees to Ms. Haley. For the reasons that follow, we conclude that the parties' settlement agreement authorized the trial court to make the award in question.

---

[1] The trial court ruled, among other things, that, "[b]ecause there was an agreed upon increase in Mr. Haley's support payments . . . , it is clear that Ms. Haley 'prevailed' on her child support modification counterclaim."

Although Mr. Haley contends that Ms. Haley's claim for attorney fees is controlled by OCGA § 19-6-19 (d),[2] we conclude that Ms. Haley's claim for attorney fees rests not on OCGA § 19-6-19 (d) but rather on the parties' contract.[3] In this regard, the attorney fee clause in the settlement agreement makes no reference to OCGA § 19-6-19 (d). Moreover, by agreeing to submit the attorney fees issue to the trial court for resolution, we conclude that the parties authorized the trial court to exercise its discretion to consider whatever factors it found to be relevant to determine if Ms. Haley was entitled to attorney fees, including whether she was a prevailing party in the litigation. Moreover, if, in the exercise of the foregoing discretion, the court determined that Ms. Haley was entitled to attorney fees, we also conclude that the parties authorized the court to award her attorney fees in an amount the court found to be appropriate and reasonable under the circumstances.

Finally, under the facts of the present case, we conclude that the trial court did not err either in determining that Ms. Haley was the prevailing party or in awarding her $16,150 in attorney fees. Accordingly, we affirm the trial court's judgment.

*Judgment affirmed. All the Justices concur, except Carley, J., who concurs in the judgment only, and Melton, J., who dissents.*

HUNSTEIN, Presiding Justice, concurring.

I concur fully in the majority's opinion that the trial court was authorized to award Ms. Haley attorney fees under the settlement agreement provision in issue in this case. While this resolution renders dicta any discussion of OCGA § 19-6-19 (d), I write separately to reject the dissent's position that an award of attorney fees to Ms. Haley as the prevailing party in this modification of child support proceeding would not be proper under that statute.

Nothing in OCGA § 19-6-19 (d) precludes an award of attorney fees to a party who prevails in the settlement of a modification of alimony proceeding. "In proceedings for the modification of alimony for the support of a spouse or child pursuant to the provisions of this Code section, the court may award attorneys' fees, costs, and expenses of litigation to the prevailing party as the interests of justice

---

[2] As it existed at the time of the trial court's order, OCGA § 19-6-19 (d) provided as follows:
    In proceedings for the modification of alimony for the support of a spouse or child pursuant to the provisions of this Code section, the court may award attorneys' fees, costs, and expenses of litigation to the prevailing party as the interests of justice may require.
Effective July 1, 2006, OCGA § 19-6-19 (d) was amended to delete any reference to child support.

[3] See *Cason v. Cason*, 281 Ga. 296, 299 (637 SE2d 716) (2006) (claim for attorney fees must be predicated on statute or contract).

may require." Id.[4] Modification proceedings resolved by settlement rather than by trial are not excluded or otherwise singled out for different treatment under this language. The sole limitation set forth in the statute is that the award reflect "the interests of justice," a legislative requirement that would be seriously compromised by the dissent's proposed interpretation of the statute.

Nor does *Shapiro v. Lipman,* 259 Ga. 85 (377 SE2d 673) (1989) support the dissent's position. *Shapiro* merely holds that when a modification of alimony proceeding is tried before a jury, the "prevailing party" for purposes of an award of attorney fees under OCGA § 19-6-19 (d) is determined by the jury's verdict, not by the trial court. *Shapiro* did not address and thus does not serve as authority for the dissent's claim that trial courts are prohibited from awarding attorney fees under OCGA § 19-6-19 (d) to parties who prevail in modification proceedings resolved by settlement rather than by trial.

Finally, policy considerations weigh against the dissent's position in light of the disincentive it provides for former spouses to resolve their differences by any means other than trial. The special treatment the law gives domestic relations cases reflects the unfortunate reality that ex-spouses rarely handle their conflicts with the disinterested arm's-length objectivity seen in commercial law cases. Instead of promoting the settlement of disputes over alimony, the dissent would exacerbate the bitter battles that too often follow divorce by adding attorney fees, costs and expenses of litigation to the list of contested items that the parties would have to address before an agreement outside of the courtroom could be reached.

For these reasons and consistent with the plain language of the statute, I would recognize that where a modification of alimony proceeding is settled by the parties, the trial court is authorized under OCGA § 19-6-19 (d) to determine whether one party prevailed and, if so, whether the interests of justice require that attorney fees, costs and expenses of litigation be awarded to the prevailing party.

MELTON, Justice, dissenting.

It is well settled that a statutory or contractual basis must exist to authorize an award of attorney fees. See *Cason v. Cason,* 281 Ga. 296 (3) (637 SE2d 716) (2006). Here, there is neither. The language of the settlement agreement at issue does not authorize an award of attorney fees to Ms. Haley, and the parties' settlement of Ms. Haley's underlying child support modification claim, coupled with Mr. Haley's express refusal to waive any defenses to Ms. Haley's attorney

---

[4] As the majority notes, OCGA § 19-6-19 (d) was amended, effective July 1, 2006, to delete any reference to child support.

fees claim, precluded the trial court from awarding attorney fees to Ms. Haley as the "prevailing party" pursuant to OCGA § 19-6-19 (d). Ms. Haley does not identify any other legal basis upon which she can rest her claim for attorney fees. Because the majority allows Ms. Haley to recover attorney fees where she has neither a contractual right to such fees nor a legal right to the fees as a "prevailing party" pursuant to OCGA § 19-6-19 (d), and because such a holding undermines the goals of parties settling cases in order to bring about an end to their disputes, I must respectfully dissent.

The language of the settlement agreement itself does not provide an independent and affirmative basis for the award of attorney fees. The settlement agreement states only that "[t]he *issue* of Ms. Haley's *claim* for expenses and attorney fees will be submitted to [the trial judge] by brief for decision by the Court." The agreement does not concede that attorney fees are legally available, nor does it state that the parties are only disputing the *amount* of attorney fees in issue. There is nothing in the language of the agreement to even suggest that Mr. Haley is waiving any legal defenses that he might assert as to whether attorney fees are available in the first instance. To the contrary, by stating that "the *issue* of Ms. Haley's *claim*" for attorney fees would be considered by the court, the agreement indicates that the issue of attorney fees had been joined as to both *availability* and the amount of fees due (if any). The parties simply did not agree about whether Ms. Haley was legally or factually entitled to any attorney fees.

Indeed, contrary to the majority's reasoning, the plain language of the settlement agreement is entirely consistent with the fact that Mr. Haley did not waive any defenses to Ms. Haley's attorney fee claim by settling the underlying child support modification case with her. Mr. Haley consistently argued below that Ms. Haley could not collect attorney fees as a "prevailing party" as a matter of law,[5] which is highlighted by his June 5, 2006 response to a supplemental brief filed by Ms. Haley. In this supplemental brief, Mr. Haley states that

---

[5] In Mr. Haley's initial March 10, 2006 response to Ms. Haley's Motion for Attorney Fees, he specifically argues that Ms. Haley is not entitled to attorney fees because she "is not the prevailing party under the meaning of [OCGA § 19-6-19 (d),] as . . . the parties came to a settlement of the child support modification action which is vastly different from what she sought." After the trial court **denied** Ms. Haley's request for fees in a May 4, 2006 order, Ms. Haley moved for reconsideration, citing new authority to support her position that she was entitled to recover attorney fees pursuant to OCGA § 19-6-19 (d). In Mr. Haley's May 22, 2006 response, he distinguishes the cases cited by Ms. Haley by arguing that Ms. Haley was not a prevailing party under OCGA § 19-6-19 (d) because her "petition for child support modification was not bench tried or jury tried, and no award was entered in Ms. Haley's favor. Rather, the parties resolved the issue of child support raised by Ms. Haley's counterclaim themselves."

he has not waived any argument objecting to the Court's determination of the prevailing party in this instance by his agreement to submit "the issue of attorneys' fees and expenses" to the Court. The parties have merely agreed to submit the issue of attorneys' fees and expenses to the Court, and no party has made a specific waiver of any argument against such an award. *The Defendant specifically did agree to very broad language in order to preserve all of his arguments against such an award.*

Even after the trial court ultimately awarded attorney fees to Ms. Haley as the "prevailing party," Mr. Haley expressly argued once more that Ms. Haley was not the prevailing party as a matter of law. The issue of Ms. Haley's legal entitlement to attorney fees was not waived below, and it is properly before this Court on appeal.

The majority opinion overlooks the merits of Mr. Haley's contention regarding OCGA § 19-6-19 (d) and misconstrues the plain language of the parties' settlement agreement. In doing so, the majority dilutes the need for a court to first find an affirmative legal basis for the award of attorney fees by broadly asserting that the settlement agreement authorized the trial court to "consider whatever factors it found to be relevant to determine if Ms. Haley was entitled to attorneys fees." Where, as here, the agreement does not expressly and independently authorize the trial court to award attorney fees, the trial court must first determine the legal threshold question of whether attorney fees are otherwise legally available. In this regard, the trial court has no discretion. The court must consider this question. Only after the trial court identifies a legal basis for the award of attorney fees is it appropriate for the trial court to exercise its discretion to determine the amount of fees to award. "Although OCGA § 19-6-19 (d) gives the court discretion *whether* to award attorney fees to a prevailing party, it does not authorize the court to designate *who* is the prevailing party. That determination is made by the trier of fact [on the underlying claim]." (Emphasis in original.) *Shapiro v. Lipman,* 259 Ga. 85, 85-86 (377 SE2d 673) (1989). Here, Ms. Haley's initial request for attorney fees was made in the context of her counterclaim for child support modification and long before any settlement was reached. In this request, she states that she "is entitled to recover of [sic] [Mr. Haley] her expenses of litigation, including attorney fees, *if she prevails.*" However, once a settlement was reached that resolved Ms. Haley's underlying child support claim without the assistance of a trier of fact, the trial court could no longer have any role in resolving that underlying claim on the merits. Thus, the settlement of the underlying claim removed any means for the trial court to determine who the "prevailing party" was in the lawsuit,

which precluded any award of attorney fees. Id.; OCGA § 19-6-19 (d). The fact that the parties' settlement agreement makes no mention of OCGA § 19-6-19 (d) does not mean that the parties are not legally bound by the statute's requirements or that they did not intend for the statute to apply. Nor would the language of the settlement agreement authorize Ms. Haley to ignore the effect that settling her child support modification case would naturally have on her attorney fees claim.

Moreover, the result reached by the majority is inconsistent with the goals of settlement as a means of bringing about an end to contentious disputes. Settlement is reached as a result of compromise, and it allows *both* parties to be saved from spending the further time and expense of litigating the underlying claim. As this Court has held for over a hundred years,

> [t]he law favors a settlement of differences and a compromise of disputed claims between parties. It . . . saves the time, expense, and trouble of litigation. It matters not if one party be right and the other wrong touching the validity of the original claim. The real consideration is in bringing about a settlement, preventing further annoyance, uncertainty and doubt, and to avoid, it may be, the uncertain results of a vexatious, troublesome, and expensive litigation. As far as our investigation has extended, the authorities are uniform and unbroken to the effect that when there is an honest difference of opinion between parties touching a disputed claim, and especially if the difference is of such a nature as to render it at all doubtful as to who is correct, any settlement or compromise of these differences will be enforced by the courts, and neither party will be allowed to defend by showing that he was right in his original contention.

*Tyson v. Woodruff,* 108 Ga. 368, 372 (33 SE 981) (1899).

Here, Ms. Haley placed her attorney fee claim in issue, and then made the choice to settle the case in a manner that allowed her to recover addition child support. At the same time, Mr. Haley settled the underlying child support modification claim without waiving any defenses to Ms. Haley's attorney fee claim. Each party compromised something in order to bring about an end to the dispute. As such, unless the parties otherwise agreed (which they did not here), there could be no "prevailing party" following the settlement. See id. Because the parties' settlement of Ms. Haley's underlying child support claim eliminated any basis upon which the trial court could determine who the "prevailing party" was in this case, neither the trial court nor this Court is authorized to declare that Ms. Haley was

the prevailing party. Under the majority's analysis, however, even when one party to a settlement agreement is legally correct that the other party to the agreement is not entitled to an award of attorney fees, and even when a settlement agreement is drafted to ensure that no valid legal defenses to an attorney fee claim have been waived, a settling party who requests attorney fees but who is not legally entitled to receive them may still obtain them. Contrary to the purpose of settlement to "prevent[ ] further annoyance, uncertainty and doubt, and to avoid . . . the uncertain results of a vexatious, troublesome, and expensive litigation" regardless of who may or may not be right about the underlying claim, the majority ensures that litigation, even on issues that were legally foreclosed by the settlement, will continue. Id. Here, Ms. Haley agreed to settle her underlying child support modification claim in a manner that foreclosed her ability to obtain attorney fees as a matter of law. She cannot now be rewarded, after such an agreement, with a windfall of attorney fees that she is not entitled to based on the consequences of the settlement agreement that she freely chose to enter. Because the majority erroneously allows such a windfall in contravention of the settlement agreement and OCGA § 19-6-19 (d), I must dissent.

DECIDED JUNE 25, 2007.

*Watson, Spence, Lowe & Chambless, Kelley O. Boswell*, for appellant.
*McCall, Phillips & Williams, W. Earl McCall*, for appellee.