S09A1961. ROBERTS v. THARP.
(690 SE2d 404)

CARLEY, Presiding Justice.

Gary L. Roberts (Father) and Mary Katherine Tharp (Mother) were divorced in 1997. The parties have one child, but the divorce decree did not contain any award of child support. Both parties filed motions for contempt in superior court, which were resolved in a consent order entered in 2005. The parties soon filed contempt motions again and also sought modification of custody and visitation. Pursuant to OCGA § 15-11-30.1 (b), the superior court transferred the action to the juvenile court for investigation and determination. Father requested child support in accordance with OCGA § 19-6-15. See OCGA §§ 15-11-28 (c) (1), 15-11-30.1 (b).

In early 2007, the juvenile court entered an interim order resolving some custody and visitation issues, and ordering Mother to begin paying child support in the amount of $200 per month. Six months later, the juvenile court denied Mother's motion for contempt, granted Father's motion, and reserved the issues of child support and attorney's fees. In 2008, the juvenile court ordered that

"child support shall remain" $200 per month and that "both parties shall be responsible for their own attorney fees." Father filed a motion to set aside the final judgment and a motion for new trial which were denied on May 20, 2009. Father appeals from that order pursuant to our grant of his application for discretionary appeal. See OCGA § 15-11-3.

1. Father contends that the juvenile court erred by failing to include in its orders regarding child support the specific provisions required by OCGA § 19-6-15 (c) (2), including a determination of the parents' gross income and certain findings regarding the child's health insurance coverage and apportionment of her uninsured health care expenses.

"The guidelines for computing the amount of child support are found in OCGA § 19-6-15 and must be considered by any court setting child support. [Cit.]" *Esser v. Esser*, 277 Ga. 97 (586 SE2d 627) (2003). Because the juvenile court's orders in this case were entered after January 1, 2007, the revised child support guidelines in OCGA § 19-6-15 are applicable. *Turner v. Turner*, 285 Ga. 866, 867 (1) (684 SE2d 596) (2009); *Rumley-Miawama v. Miawama*, 284 Ga. 811, 812 (1) (671 SE2d 827) (2009). Compare *In the Interest of R. F.*, 295 Ga. App. 739, 742 (2) (673 SE2d 108) (2009). Those guidelines "are a minimum basis for determining the amount of child support and shall apply as a rebuttable presumption in all legal proceedings involving the child support responsibility of a parent." OCGA § 19-6-15 (c) (1).

> OCGA § 19-6-15 (c) (2) requires that a child support order contain several specific provisions, including the parents' gross income as determined by the court or the jury ... [and] certain findings regarding health insurance coverage for the child and the apportionment of the child's uninsured health care expenses . . . .

*Hamlin v. Ramey*, 291 Ga. App. 222, 226 (2) (661 SE2d 593) (2008). The juvenile court here awarded child support without making these "required written findings . . . . Accordingly, the child support award is vacated and the case remanded to the trial court with direction that an order consistent with the requirements of OCGA § 19-6-15 be entered. [Cit.]" *Eleazer v. Eleazer*, 275 Ga. 482, 483 (569 SE2d 521) (2002). Compare *In the Interest of R. F.*, supra at 742 (2), (4) (where pre-2007 threshold requirement for modification of child support was not met).

2. Father also contends that the juvenile court erred by refusing to award any attorney's fees to Father pursuant to the following

provision of the 2005 consent order:

> In the event it becomes necessary for either party to initiate a motion for contempt to enforce the terms of this Order, and the Court finds the other party in contempt, then and in that event the party found to be in contempt shall be responsible for payment of the other party's attorney's fees.

In granting Father's motion for contempt, the juvenile court "found [Mother] to be in contempt" of the consent order.

"Generally an award of attorney fees is not available unless supported by statute or contract. [Cits.]" *Cason v. Cason*, 281 Ga. 296, 299 (3) (637 SE2d 716) (2006). Although OCGA § 19-6-2 (a) (1) authorizes a trial court in its discretion to award attorney's fees in a contempt of court action arising out of a divorce case, and OCGA § 9-15-14 authorizes attorney fees upon certain findings of conduct, Father's contention regarding "attorney fees rests not on [one of those statutes] but rather on the parties' contract. [Cit.] In this regard, the attorney fee clause in the [consent order] makes no reference to [either statute]." *Haley v. Haley*, 282 Ga. 204, 205 (647 SE2d 10) (2007). The juvenile court "was without authority to alter the fee arrangement and thus nullify important provisions of the contract reached by [Father] and [Mother] which had been made a part of [the 2005 consent order]." *Hagstrom v. Hagstrom*, 235 Ga. 853, 856 (221 SE2d 602) (1976).

Because the parties agreed that the party found in contempt of the consent order would be responsible for payment of the other party's attorney's fees, the juvenile court's order that both parties would be responsible for their own attorney's fees must also be vacated and the case remanded to the trial court with direction that an award of attorney's fees consistent with the parties' agreement be entered.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED MARCH 1, 2010.

*Christopher T. Adams*, for appellant.
*Jeffrey R. Sliz*, for appellee.