In the Supreme Court of Georgia

Decided:   November 3, 2014

S14A1051. MIRONOV v. MIRONOV.

HINES, Presiding Justice.

This Court granted the application for discretionary appeal of Marci Mironov ("Mother") from the trial court's order on attorney's fees in this child support modification action.  See OCGA § 5-6-35 (a) (2).  For the reasons that follow, we reverse and remand for further proceedings.

On September 27, 2006, Mother and Jeff Mironov ("Father") were divorced; the decree directed Father to pay $3,750 per month for child support for their two children. In 2008, through a consent order, the parties agreed to reduce Father's monthly child support payments to $1,700.  In April 2010, Mother petitioned to modify the child support upward, contending that Father's income had more than doubled since the time of the consent order.  The parties, recognizing that Father's income fluctuated,  reached an agreement setting his child support obligation at between $1,834.27 and $2,755.00 per month,

depending on his income, and memorialized this in a 2011 consent order. However, the parties were unable to resolve the issue of attorney's fees and submitted the matter to the trial court. Each party claimed to have prevailed in the underlying action, Mother because she secured an upward modification of child support, and Father because the settlement was less than the $2,800 a month that Mother had sought before filing the modification action[1]; Mother requested that she be awarded $7,312.50 in attorney's fees, and Father requested that he be awarded $7,242.26.

The court issued an order stating that "[s]ince the parties reached an agreement, both with the assistance of counsel, this Court finds that both parties prevailed in this action," and concluded that "justice does not require the award of fees." The court's order cited OCGA § 19-6-15 (k) (5), under which the court may award attorney's fees to "the prevailing party as the interests of justice may require."[2] However, OCGA § 19-6-15 (k) (5) specifies that the trial court may

---

[1] At one point, the order states that "$2,800.00 [was ] offered by [Father] prior to the filing of the within complaint," but a reading of the order as a whole makes clear that this is a scrivener's error and that, in fact, "[Mother] initially requested $2,800.00" a month in child support.

[2] OCGA § 19-6-15 (k) (5) reads:

In proceedings for the modification of a child support award pursuant to the provisions of this Code section, the court may award attorney's fees, costs, and

award attorney's fees to "*the prevailing party*"; there is no basis for a determination thereunder that *both* parties prevailed. And, as in *Keeler v. Keeler*, 263 Ga. 151 (430 SE2d 5) (1993), the modification action resulted in an increase in Father's child support obligation, even if not to the extent Mother first requested, and thus it is she who is the prevailing party under OCGA § 19-6-15 (k) (5), and it is only she who can be awarded attorney's fees under that statutory provision. Although Father contends that *Haley v. Haley*, 282 Ga. 204 (647 SE2d 10) (2007), is authority for the conclusion that the trial court's order is correct, the award of attorney's fees in that case was made pursuant to a contract between the parties; here it is under the authority of a statute, and is governed by the terms of OCGA § 19-6-15 (k) (5).

In *Shapiro v. Lipman*, 259 Ga. 85, 85-86 (377 SE2d 673) (1989), this Court stated that the Code section there at issue[3] gave "the court discretion

expenses of litigation to the prevailing party as the interests of justice may require. Where a custodial parent prevails in an upward modification of child support based upon the noncustodial parent's failure to be available and willing to exercise court ordered visitation, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to the custodial parent.

[3] Worded similarly to OCGA § 19-6-15 (k) (5), then-OCGA § 19-6-19 (d), as recited in *Shapiro*, read:

In proceedings for the modification of alimony for the support of a spouse or child pursuant to the provisions of this Code section, the court may award attorneys' fees,

3

*whether* to award attorney fees to a prevailing party, [but] it does not authorize the court to designate *who* is the prevailing party. That determination is made by the trier of fact, in this case, the jury." (Emphasis in original.) However, this passage does not mean that when, as here, a case is settled and there is no jury or other trier of fact, the trial court is without power to determine who is the "prevailing party." Rather, in the context of the opinion, this passage from *Shapiro* is read to mean that, while the trial court has discretion under the statute to *decline* to award attorney's fees to the prevailing party, the court cannot award attorney's fees to the party who did *not prevail*, which is a determination made by the fact finder, if one. As there is no trier of fact in this case, there is no potential for a conflict such as arose in *Shapiro*.

Although Father notes that under OCGA § 19-6-15 (k) (5), the trial court had the discretion to decline to award any attorney's fees to the prevailing party, the trial court must exercise discretion "in conformity with the governing legal principles." *Ford Motor Co. v. Conley*, 294 Ga. 530, 538(2) (757 SE2d 20) (2014). And, to the extent that the trial court's order is an exercise of its

_____

costs, and expenses of litigation to the prevailing party as the interests of justice may require.

discretion not to award attorney's fees to the prevailing party, it is in error as it is based on the erroneous conclusion that there could be, and were, two prevailing parties under OCGA § 19-6-15 (k) (5). Accordingly, we reverse the trial court's judgment and remand the case to the trial court for a determination of whether any attorney's fees are due Mother as the prevailing party, and if so, in what amount.

Judgment reversed and case remanded with direction. All the Justices concur.