301 Ga. 34
FINAL COPY

S17A0630.  MERRILL v. LEE.

NAHMIAS, Justice.

Michelle Merrill (Wife) appeals from the trial court's order denying her motion for attorney fees, which was based on the unsuccessful petition by Gary Lee (Husband) to modify his child support obligation under the parties' divorce decree.  Because the settlement agreement incorporated into the divorce decree requires a party who unsuccessfully seeks relief in connection with the agreement to pay the defending party's reasonable attorney fees, we reverse the trial court's order and remand with direction to determine the amount of fees to which Wife is entitled.

1.     Wife and Husband were divorced on October 11, 2005.  The divorce decree incorporated the parties' settlement agreement resolving all issues of the divorce.  Ten years later, on November 5, 2015, Husband filed a petition for downward modification of child support, asserting that he was unable to pay the amount required by the settlement agreement due to his

health problems, his commercial real estate business's decline, and his obligation to support his new wife and three children.

On December 1, 2015, Wife's attorney sent a letter to Husband's attorney stating that his modification action was barred by Paragraph 5.C of the settlement agreement and warning that if Husband persisted with his claim, Wife would seek attorney fees. Paragraph 5.C says, in relevant part, that "Husband specifically waives his statutory right to modify his monthly child support obligation below the amount (including annual escalation) set forth in [the agreement]." Husband did not withdraw his modification action, so Wife filed a motion to dismiss it on December 14. On March 7, 2016, the trial court converted the motion to dismiss to a motion for summary judgment in order to consider the settlement agreement, and on April 8, the court granted summary judgment to Wife and denied the modification petition.

On May 2, 2016, Wife filed a motion seeking attorney fees under Paragraph 28 of the settlement agreement, OCGA § 9-15-14 (a) and (b), and OCGA § 19-6-15 (k) (5). She attached an affidavit from her attorney detailing the $49,610.59 in fees that Wife allegedly incurred in defending against Husband's modification action. Paragraph 28 of the settlement agreement says:

2

In the event that Husband or Wife fail to comply with any payment or other obligation under this Agreement, the other party shall be entitled to bring a suit to enforce the terms of this Agreement. If either party is required to file any action to cause the other to perform his or her obligations under this Settlement Agreement, then the non-performing party shall pay the legal fees and expenses associated with the action, including all expenses incurred by the filing party in support of the litigation. Moreover, if either party files an action requesting relief against the other in connection with this Settlement Agreement, which relief is later denied to the moving party by the Court, the moving party shall pay the reasonable attorneys' fees and expenses of litigation of the defending party in connection with defending the action, including all expenses incurred in support of the defense of the litigation.

On May 6, 2016, Husband filed in this Court an application for discretionary appeal of the trial court's order denying his modification petition. On May 26, Husband responded to Wife's motion for attorney fees by arguing that she was not a prevailing party under Paragraph 28 because his application to appeal the trial court's order denying modification was pending; that his modification petition was based on a good faith effort to establish a new theory of law, precluding a fee award under OCGA § 9-15-14; and that a fee award under OCGA § 19-6-15 (k) (5) would be contrary to the interests of justice.

On June 1, we denied Husband's application for discretionary appeal. On June 8, he filed a motion for reconsideration. On June 13, while the motion for

reconsideration was pending in this Court, and without holding a hearing, the trial court summarily denied Wife's motion for attorney fees. On June 21, she filed a motion for reconsideration, on which the trial court did not rule. On July 12, Wife filed an application for discretionary appeal in this Court. On July 25, we denied Husband's motion for reconsideration. On August 2, we granted Wife's application, and she filed a notice of appeal on August 9, 2016.[1]

2. Wife contends that the trial court erred in refusing to enforce Paragraph 28 of the settlement agreement. As Husband conceded in the trial court, Paragraph 28 plainly applies in this case. While the first two sentences of the paragraph pertain to actions seeking to enforce the terms of the agreement (by motion for contempt, for example), the third sentence applies here.[2] That provision requires the moving party to pay the reasonable attorney fees and litigation expenses incurred by the defending party any time "either party files an action requesting relief against the other in connection with this

---

[1] We note that the Appellate Jurisdiction Reform Act of 2016, Ga. L. 2016, p. 883, gives the Court of Appeals subject matter jurisdiction over "[a]ll divorce and alimony cases" in which a notice of appeal or application to appeal is filed on or after January 1, 2017. Id. at §§ 3-1 (codified at OCGA § 15-3-3.1 (a) (5)), 6-1 (c). Because Wife filed her application and notice of appeal prior to that date, this Court has jurisdiction over this case.

[2] We express no opinion as to whether the first two sentences entitle Wife to attorney fees incurred in her effort to enforce Paragraph 28 itself.

4

Settlement Agreement, which relief is later denied to the moving party by the Court." Husband's petition for a downward modification of the child support obligation imposed on him by the settlement agreement was a request for relief "in connection with [the] Settlement Agreement," and that relief was denied by the trial court.

In the trial court, Husband argued as to Paragraph 28 only that an attorney fees award would be premature because his application to appeal the court's order denying his modification petition was still pending in this Court. However, Husband did not make this argument in his brief on appeal in this case, and he expressly abandoned it at oral argument before this Court, so we need not address it.

In his brief here, Husband asserts an argument that he did not raise in the trial court — that enforcement of Paragraph 28 would be contrary to public policy. Husband asks us to consider this new argument in order to uphold the trial court's judgment as "right for any reason." See generally City of Gainesville v. Dodd, 275 Ga. 834 (573 SE2d 369) (2002). The argument has no merit. "Parties may establish contract terms on any subject matter in which they have an interest so long as their agreement is not prohibited by statute or

5

public policy. There is no public policy against contracting for the recovery of attorney fees." Sylar v. Hodges, 250 Ga. App. 42, 43 (550 SE2d 438) (2001) (footnotes omitted). Husband cites no statute that prohibits the recovery of attorney fees in this context, and indeed this Court has previously enforced attorney fee agreements in divorce and child support cases. See, e.g., Roberts v. Tharp, 286 Ga. 579, 581 (690 SE2d 404) (2010); Haley v. Haley, 282 Ga. 204, 205 (647 SE2d 10) (2007).

Accordingly, the trial court erred in denying Wife's motion for attorney fees under Paragraph 28 of the settlement agreement, as the court "'was without authority to alter the fee arrangement and thus nullify important provisions of the contract reached by [Wife] and [Husband] which had been made a part of [the divorce decree].'" Roberts, 286 Ga. at 581 (citation omitted). We therefore reverse the trial court's order, and we remand the case for the trial court to determine the amount of reasonable attorney fees to be awarded to Wife for her defense against Husband's modification action.[3]

Judgment reversed and case remanded with direction. All the Justices

---

[3] Because the trial court was obligated to grant Wife's motion for attorney fees based on the settlement agreement, we need not address her arguments that she was also entitled to fees under OCGA §§ 9-15-14 and 19-6-15.

6

concur.

Decided April 17, 2017.

Domestic relations. Fulton Superior Court. Before Judge Markle.

Davis, Matthews & Quigley, Elizabeth G. Lindsey, John A. Sugg, for appellant.

Bogart, Hurst & Ference, Jeffrey B. Bogart, Susan A. Hurst; Lawler Green Prinz & Gleklen, Adam M. Gleklen, for appellee.