**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 24, 2017**

# In the Court of Appeals of Georgia

A17A1289. SUMMIT AT SCARBOROUGH HOMEOWNERS
ASSOCIATION, INC. v. WILLIAMS.

MCFADDEN, Presiding Judge.

After Summit at Scarborough Homeowners Association, Inc. ("the Association") obtained a judgment against Ltanya Williams for unpaid annual assessments, it filed a motion for its court costs and attorney fees, to which it asserted it was entitled under a provision of the Declaration of Covenants, Conditions, Restrictions and Easements ("the Declaration") for the subdivision in which Williams owned a home.[1] The trial court denied the Association's motion, and the Association

---

[1] Because the Association did not assert a statutory ground for fees and costs in its motion, we do not consider whether any statutes would have entitled it to fees and costs. See *Roberts v. Tharp*, 286 Ga. 579, 581 (2) (690 SE2d 404) (2010) (analyzing party's right to attorney fees under language of contract rather than statute where party did not argue for fees under potentially-applicable statutes and contract language related to fees did not reference those statutes).

appeals from that ruling. As detailed below, the Declaration requires Williams to pay costs and fees. So we reverse the trial court's order and remand the case to the trial court for entry of an award consistent with the terms of the Declaration.

"The declaration of a homeowner's association is considered a contract." *Saws at Seven Hills, LLC v. Forestar Realty*, __ Ga. App. __, __ (1) (__ SE2d __) (Case No. A17A0869, decided Sept. 13, 2017) (citation and punctuation omitted). Where parties contract for the recovery of attorney fees, a trial court does not have the authority to alter that arrangement unless it is prohibited by statute. See *Merrill v. Lee*, 301 Ga. 34, 36 (2) (799 SE2d 169) (2017); *Roberts*, 286 Ga. at 581 (2).

The Declaration in this case pertinently provides:

> The annual and special assessments [imposed by the Declaration], together with late charges, simple interest at the rate of twelve percent (12%) per annum, *court costs, and attorneys' fees incurred to enforce or collect such assessments,* shall be an equitable charge and a continuing lien upon the property against which each such assessment is made and *shall also be the personal obligation of the person who is the record owner of the property* at the time the assessment fell due.

Under this language, Williams was obligated to pay the Association the reasonable costs and fees it incurred in its action to collect unpaid assessments from her. See *Hal Wright Esq., P.C. v. Gentemann*, 327 Ga. App. 650, 652-653 (1) (760 SE2d 654)

(2014) (holding, in case where contract provided for "attorney's fees and costs if collection activities are necessary," that the "award of attorney fees is to be determined upon evidence of the reasonable value of the professional services which underlie the claim for attorney fees") (citation and punctuation omitted). Williams has cited no statute that prohibits the recovery of costs and fees in this context.

Because the Declaration imposed the Association's costs and fees upon Williams, the trial court's order denying the Association's motion for those costs and fees must be reversed and the case remanded to the trial court with direction that the trial court enter an award of court costs and reasonable attorney fees consistent with the Declaration. *Roberts*, 268 Ga. at 581 (2).

*Judgment reversed and case remanded with direction. Branch and Bethel, JJ., concur.*