*64 McFadden, Presiding Judge.
*343 After Summit at Scarborough Homeowners Association, Inc. ("the Association") obtained a judgment against Ltanya Williams for unpaid annual assessments, it filed a motion for its court costs and attorney fees, to which it asserted it was entitled under a provision of the Declaration of Covenants, Conditions, Restrictions and Easements ("the Declaration") for the subdivision in which Williams owned a home.[1] The trial court denied the Association's motion, and the Association appeals from that ruling. As detailed below, the Declaration requires Williams to pay costs and fees. So we reverse the *344 trial court's order and remand the case to the trial court for entry of an award consistent with the terms of the Declaration.
"The declaration of a homeowner's association is considered a contract." SAWS at Seven Hills, LLC v. Forestar Realty, 342 Ga.App. 780, 784 (1), 805 S.E.2d 270 (2017) (citation and punctuation omitted). Where parties contract for the recovery of attorney fees, a trial court does not have the authority to alter that arrangement unless it is prohibited by statute. See Merrill v. Lee, 301 Ga. 34, 36 (2), 799 S.E.2d 169 (2017) ; Roberts v. Tharp, 286 Ga. 579, 581 (2), 690 S.E.2d 404.
The Declaration in this case pertinently provides:
The annual and special assessments [imposed by the Declaration], together with late charges, simple interest at the rate of twelve percent (12%) per annum, court costs, and attorneys' fees incurred to enforce or collect such assessments, shall be an equitable charge and a continuing lien upon the property against which each such assessment is made and shall also be the personal obligation of the person who is the record owner of the property at the time the assessment fell due.
(Emphasis supplied.) Under this language, Williams was obligated to pay the Association the reasonable costs and fees it incurred in its action to collect unpaid assessments from her. See Hal Wright Esq., P.C. v. Gentemann, 327 Ga.App. 650, 652-653 (1), 760 S.E.2d 654 (2014) (holding, in case where contract provided for "attorney's fees and costs if collection activities are necessary," that the "award of attorney fees is to be determined upon evidence of the reasonable value of the professional services which underlie the claim for attorney fees") (citation and punctuation omitted). Williams has cited no statute that prohibits the recovery of costs and fees in this context.
Because the Declaration imposed the Association's costs and fees upon Williams, the trial court's order denying the Association's motion for those costs and fees must be reversed and the case remanded to the trial court with direction that the trial court enter an award of court costs and reasonable attorney fees consistent with the Declaration. Roberts, 286 Ga. at 581 (2), 690 S.E.2d 404.
Judgment reversed and case remanded with direction.
Branch and Bethel, JJ., concur.

Because the Association did not assert a statutory ground for fees and costs in its motion, we do not consider whether any statutes would have entitled it to fees and costs. See Roberts v. Tharp, 286 Ga. 579, 581 (2), 690 S.E.2d 404 (2010) (analyzing party's right to attorney fees under language of contract rather than statute where party did not argue for fees under potentially-applicable statutes and contract language related to fees did not reference those statutes).