**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 3, 2018**

# In the Court of Appeals of Georgia

A18A1334. BOLEY v. MIERA.

McFADDEN, Presiding Judge.

Michael Jerome Boley appeals the award of attorney fees to Nichole Miera in this child-support-modification action. Boley argues that because he was the prevailing party, the trial court erred in awarding fees to Miera under OCGA § 19-6-15 (k) (5). We agree that under the plain language of the statute, the trial court may award fees only to the prevailing party. And we reject Miera's argument that the parties contracted to authorize the trial court to disregard the statute. Having obtained the relief he sought — reduction in his child support obligation — Boley was the prevailing party. So we reverse.

Boley and Miera have a child together, for whom Boley pays child support. Boley filed a petition to reduce his child-support obligation. Miera answered and

counterclaimed for an increase in child support. The parties eventually reached a settlement, agreeing that Boley's obligation would be reduced. The trial court entered a consent final order reducing Boley's child support obligation. Regarding attorney fees, the order stated: "The parties reserved their right to brief this Court as to their requests for attorneys' fees and litigation costs. Each party shall submit his / her motion and brief in support of such requests to the Court within thirty (30) days of the signing of this Order."

Both parties later moved for attorney fees. The trial court granted Miera's motion for fees. The court wrote that it granted Miera's motion under OCGA § 19-6-15 (k) (5) because "in the interest of equity, an award of attorney's fees is necessary and required." The court observed in its order, however, that "the final result of the modification action was a decrease in child support as requested by [Boley], not an increase as requested by [Miera]. . . .."

We granted Boley's discretionary application to appeal the fee award, and this appeal followed.

The statute at issue, OCGA § 19-6-15 (k) (5), provides in part, "In proceedings for the modification of a child support award pursuant to the provisions of [OCGA § 19-6-15], the court may award attorney's fees, costs, and expenses of litigation to

2

the prevailing party as the interests of justice may require." Implicit in the trial court's award to Miera is a holding that she is the prevailing party. See *Keeler v. Keeler*, 263 Ga. 151, 152 (1) (430 SE2d 5) (1993) (applying former OCGA § 19-6-19 (d), the predecessor to OCGA § 19-6-15 (k) (5)). But the "prevailing party" provision in the statute "is directed solely to the result of the modification action[.]" *Keeler*, 263 Ga. at 152 (1). Accordingly, we reject Miera's contention that it was within the trial court's discretion to determine who was the prevailing party. Since Boley was successful in his petition to reduce his child-support obligation, he was the prevailing party and the trial court erred in granting Miera attorney fees under OCGA § 19-6-15 (k) (5). *Mironov v. Mironov*, 296 Ga. 114, 115 (765 SE2d 326) (2014) (mother, who obtained an upward modification of child support, even if not to the extent she sought, was the prevailing party under OCGA § 19-6-15 (k) (5)).

Miera argues that the award of fees was authorized by the parties' reservation of the attorney fees issue in their consent agreement. But the trial court did not award attorney fees "pursuant to a contract between the parties; [rather] it [made the award] under the authority of a statute, and [the award] is governed by the terms of OCGA § 19-6-15 (k) (5)." *Mironov*, 296 Ga. at 115. Cf. *Haley v. Haley*, 282 Ga. 204 (647 SE2d 10) (2007) (parties' consent agreement resolving child-support-modification

3

action in which they agreed to submit issue of mother's claim for attorney fees to the trial court authorized trial court to determine that mother was prevailing party and award her fees).

*Judgment reversed. Ray and Rickman, JJ., concur.*