73896. NOVA GROUP, INC. v. M. B. DAVIS ELECTRIC
COMPANY, INC.
(370 SE2d 626)

CARLEY, Judge.

On May 15, 1986, appellee-plaintiff filed this ex contractu action, seeking the recovery of $107,813.80 from appellant-defendant. On July 30, 1986, the trial court entered a default judgment in favor of appellee and against appellant. The trial court's judgment states, in part, that "the issue of damages having been tried before the court without a jury and decision having been rendered by the court for [appellee] and against [appellant] in the sum of $107,813.80, it is ORDERED AND ADJUDGED, that [appellee] recover of [appellant] the sum of $107,813.80, with interest and costs of this action."

On August 25, 1986, appellant filed a motion which it denominated as its "Motion To Set Aside Judgment[,] Or In The Alternative[,] Motion For New Trial." According to the terms of that motion, appellant was moving the trial court "pursuant to OCGA § 9-11-60 for an Order setting aside the default of this action or in the alternative for a new trial so that [appellant] can assert its defenses and counterclaims. . . ." The trial court, after conducting a hearing, denied the motion and appellant filed a direct appeal to this court. By an unpublished opinion issued on July 1, 1987, we dismissed the appeal because appellant had failed to follow the discretionary appeal provisions of OCGA § 5-6-35. The Supreme Court, however, granted appellant's application for certiorari and held: "If the damages in this contract action are unliquidated, [appellant] would have been entitled to an evidentiary hearing on the issue of damages under OCGA § 9-11-55 (a). In that case, its motion for new trial was an appropriate means to request such a hearing, which, apparently, did not take place, and the denial of that motion was directly appealable. Accordingly, this case is reversed with direction that the Court of Appeals determine whether the damages in this case are unliquidated, see generally *Hazlett & Hancock Constr. Co. v. Virgil Womack Constr. Co.*, 181 Ga. App. 25, 26 (2) (351 SE2d 218) (1986) and, if so, treat this

case as a direct appeal." *Nova Group v. M. B. Davis Elec. Co.*, 258 Ga. 7, 8 (364 SE2d 833) (1988).

As the Supreme Court's opinion indicates, appellant's motion for new trial could *not* be a viable method to attack the *liability* portion of the default judgment and *would* be a viable method to attack the *damages* portion of the default judgment *only* insofar as the damages which were being sought were *unliquidated.* "As the issue of [appellant's] liability to appellee had been established by default, it was only the [unliquidated] damages portion of the judgment which [could and should have] been based on evidence and, consequently, it was only that [unliquidated damages] portion of the judgment[, if any,] which could be subject to a motion for new trial. [Cits.]" *Crolley v. Johnson*, 185 Ga. App. 671, 672 (365 SE2d 277) (1988). It necessarily follows that it is only if *unliquidated* damages were being sought by appellee that appellant would be entitled to file a motion for new trial and urge thereby that the trial court erroneously failed to conduct an evidentiary hearing to determine the amount of the damages which it actually awarded. The trial court's order in this case, however, clearly indicates that the issue of damages *was* tried before it. Therefore, if the trial court's order correctly states the facts of this case, any determination by this court as to whether the damages which were awarded to appellee were actually liquidated or unliquidated would appear to be a superfluous exercise, at least insofar as that determination might ultimately bear upon appellant's entitlement to seek a new trial for the alleged failure of the trial court to conduct an evidentiary hearing as to damages. If the damages awarded to appellee were *unliquidated* and the trial court's order correctly states the facts, then the trial court *did* hold the necessary hearing to determine the amount of damages that it awarded. If, on the other hand, the damages awarded were *liquidated* and the trial court's order correctly states the facts, then the trial court, although it was not legally required to conduct a hearing as to the amount of damages, nevertheless afforded a procedural protection which appellant was otherwise not entitled to receive. Therefore, in either event, it would appear that, as against the wording of the trial court's order, any asserted lack of an evidentiary hearing in this case would fail to state a viable ground for a new trial as to the issue of damages. If, on the face of the record, appellant's motion for new trial raised no viable issue as to damages, then denial of the appellant's motion to set aside the judgment as to liability would be the only dispositive issue. See *Crolley v. Johnson*, supra.

Notwithstanding the wording of the trial court's order, however, the Supreme Court has apparently determined that no hearing as to the amount of damages was ever conducted by the trial court. The Supreme Court reversed our judgment and remanded with direction

only that we determine whether the damages which were being sought by appellee were unliquidated. It did not remand for our determination of whether the trial court's order is erroneous insofar as it indicates that an evidentiary hearing was held as to damages. This court is bound by the Supreme Court's implicit determination that no such evidentiary hearing was ever held by the trial court and the scope of our authority is necessarily limited to compliance with the Supreme Court's direction. Accordingly, we must now determine whether the damages which appellee sought were unliquidated. If they were, then we must treat this case as a direct appeal and determine whether, in view of the trial court's apparent failure to conduct an evidentiary hearing as to damages, it erred in denying appellant's motion for new trial.

Appellee's complaint did not consist of a bare allegation as to appellant's breach of contract or a bare allegation as to the amount of damages which had resulted therefrom. Compare *Hazlett & Hancock Constr. Co. v. Virgil Womack Constr. Co.*, supra. Appellee's complaint, in effect, alleged a claim against appellant based upon an account for a stated balance, a copy of which account was actually attached to appellee's unanswered complaint. "[I]n a suit on account for the balance due, when there has been no plea or other defense filed by the defendant, and no appearance by him, and the case has been marked in default under our statutes, the defendant will be taken to have admitted each and every allegation of the plaintiff's petition, including the allegation as to the balance due, and the plaintiff may take a judgment without the introduction of any proof. In such circumstances the account becomes 'liquidated' by operation of law, as contradistinguished from the term 'unliquidated,' as these two words are used in the Code. . . ." *Davies v. Turner*, 61 Ga. App. 531, 536 (6 SE2d 356) (1939). Accordingly, we hold that the damages which were being sought by appellee and which the trial court awarded were liquidated.

Since the damages were liquidated rather than unliquidated, a motion for new trial by appellant and a direct appeal to this court from the denial thereof would not be authorized in this case. " 'There being no verdict and judgment based on testimony of witnesses, a motion for new trial was not in order here. [Cits.]' [Cit.]" *Lewis v. Sun Mgt.*, 182 Ga. App. 560 (356 SE2d 526) (1987). Appellant was limited in the trial court to seeking to set aside the judgment as to liability and, consequently, appellant must now be limited to seeking appellate review of the denial of its OCGA § 9-11-60 (d) motion. With regard to the denial of that motion, appellant did not comply with the provisions of OCGA § 5-6-35. There being no viable motion for new trial in this liquidated damages case and no compliance with the discretionary appeal provisions as to the motion to set aside the judg-

ment as to liability, this court has no jurisdiction over this appeal.

Moreover, even assuming that the ex contractu damages which were being sought by appellee had been unliquidated rather than liquidated, the trial court's denial of appellant's motion for new trial was nevertheless correct. Appellant did not predicate its motion for new trial upon the purported lack of an evidentiary hearing as to the issue of damages. As indicated previously, appellant's motion sought only the opportunity to "assert its defenses and counterclaims. . . ." "The rule is that a defendant in default 'is in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of [ex delicto or unliquidated ex contractu] damages alleged.' [Cit.] The default concludes the defendant's liability, and estops him from offering any defenses which would defeat the right of recovery. [Cits.]" *Cohran v. Carlin*, 254 Ga. 580, 585 (3) (331 SE2d 523) (1985). See also *Fadum v. Liakos*, 186 Ga. App. 556 (367 SE2d 843) (1988). Accordingly, since appellant's motion sought only a new trial as to the issue of its liability and not as to the issue of the damages awarded to appellee, the trial court correctly denied that motion for new trial.

*Appeal dismissed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 20, 1988 —
REHEARING DENIED JUNE 3, 1988 — 

*James E. Graham*, for appellant.
*John B. Degonia*, for appellee.