## A03A0659. SPREWELL v. THOMPSON & HUTSON, SOUTH CAROLINA, LLC.

(581 SE2d 322)

ELDRIDGE, Judge.

On July 10, 2001, Thompson & Hutson, South Carolina, LLC ("Thompson & Hutson"), a law firm, brought suit against Latrell Sprewell in the Superior Court of Fulton County to collect unpaid attorney fees for services previously rendered and attorney fees, costs, and expenses associated with their collection efforts, as set out under the terms of the fee agreement. Upon failure of Sprewell to timely answer, the trial court entered a default judgment in favor of Thompson & Hutson. Sprewell appeals from the denial of his motion to set aside judgment or, in the alternative, motion for new trial. Finding no error, we affirm.

The record shows that Thompson & Hutson was associated by Thompson & Associates, Attorneys at Law, LLC, to represent Sprewell in a legal action to set aside an arbitrator's decision regarding discipline imposed on Sprewell by the Golden State Warriors Basketball Club and the National Basketball Association. Robert Gist, who was Sprewell's general counsel and business agent, knew of and approved of the association. As a result of the law firm's work on Sprewell's behalf, Thompson & Hutson sought payment in the amount of $21,635 plus costs and attorney fees as provided for in the fee agreement.

The summons and complaint were served on Sprewell by the Sheriff of Westchester County, New York, on September 6, 2001, by leaving a copy at Sprewell's home with Candace Sprewell. At no time has Sprewell challenged the sufficiency of the service. No answer having been filed, Thompson & Hutson's counsel wrote Gist on October 24, 2001, to ascertain whether or not Sprewell intended to answer the complaint. On October 26, 2001, Thompson & Hutson filed its application for default judgment and served the application on Sprewell at his New York address. In response thereto, Sprewell filed a motion to open default and a motion to stay proceedings pending arbitration. On March 27, 2002, the trial court issued its order denying Sprewell's motion to open default and finding as moot Sprewell's motion to stay proceedings pending arbitration.

On May 28, 2002, the court held a hearing regarding the reasonable amount of attorney fees and costs to be awarded to Thompson & Hutson under the fee agreement for their efforts to collect their fees for previous work. The trial court thereafter entered a default judgment against Sprewell in the principal amount of $21,635 plus prejudgment interest and costs in the amount of $78.38. The trial court further awarded Thompson & Hutson reasonable attorney fees and

expenses under the fee agreement for their collection efforts in the amount of $5,202.50.

Sprewell filed a motion to set aside judgment or, in the alternative, a motion for new trial, which was denied by the trial court. Thompson & Hutson then moved for additional attorney fees and expenses under the terms of the fee agreement for having to respond to Sprewell's motions. After a hearing, the trial court awarded Thompson & Hutson additional attorney fees and expenses in the amount of $2,759.45. *Held*:

1. Sprewell alleges that the trial court abused its discretion in refusing to open the default in that the circumstances resulting in Sprewell's default constituted excusable neglect or, in the alternative, supported a judicial determination that a proper case had been made for opening the default. We disagree.

> Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds *if* four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. Generally, the opening of a default rests within the sound discretion of the trial court. However, compliance with the four conditions is a condition precedent; in its absence, the trial judge has no discretion to open default.

(Punctuation and footnote omitted; emphasis in original.) *Jesson v. GCH & Assoc.*, 248 Ga. App. 97, 99 (1) (545 SE2d 645) (2001).

Here, Sprewell failed to make a showing under oath that he had a meritorious defense. Sprewell did not file an answer with his motion to open default. Attached to the motion was the affidavit of Sprewell's counsel. In such affidavit, the only attempt counsel made in setting out a defense was a general denial that Sprewell was not indebted to Thompson & Hutson. Such conclusionary statements cannot constitute the showing of a meritorious defense. In order to make a "showing" that a meritorious defense exists, "the defendant must provide factual information and may not rely solely on conclusions." (Footnote omitted.) *Exxon Corp. v. Thomason*, 269 Ga. 761 (1) (504 SE2d 676) (1998).

> [T]he defendant must set forth facts that show the existence of the essential elements of such defense even though "there is no requirement that the affidavit or verified answer contain in great detail the factual basis of the proposed

defense." (Citations and punctuation omitted.) *Pinehurst Baptist Church v. Murray*, 215 Ga. App. 259, 261 (450 SE2d 307) (1994). The trial court must, however, have sufficient facts before it to determine if a meritorious defense is factually raised so that the judge can exercise discretion.

(Punctuation omitted.) *Forrister v. Manis Lumber Co.*, 232 Ga. App. 370, 373 (3) (501 SE2d 606) (1998). "Because the failure to plead a meritorious defense is alone fatal to the opening of a default, we are forced to conclude that the trial court was without discretion to grant [Sprewell's] motion." (Citation and punctuation omitted.) Id. at 374.

2. Sprewell alleges that the trial court erred in ruling that the balance due on attorney fees for services that Thompson & Hutson performed in the underlying case was liquidated damages. We disagree.

"[W]hen a case is in default, the plaintiff is entitled to judgment as if every item and paragraph of the complaint or other original pleading were supported by proper evidence." (Punctuation and footnote omitted.) *Fresh Floors v. Forrest Cambridge Apts.*, 257 Ga. App. 270, 272 (570 SE2d 590) (2002). In the complaint, Thompson & Hutson stated that it was associated by Thompson & Associates to represent Sprewell in the underlying case; that Gist, Sprewell's general counsel and business agent, knew of and approved of this association; and that the balance due on the account was $21,635. A verified statement of the account showing the balance due was attached to the complaint as an exhibit.

> In a suit on account for the balance due, when there has been no plea or other defense filed by the defendant, and no appearance by him, and the case has been marked in default under our statutes, the defendant will be taken to have admitted each and every allegation of the plaintiff's petition, including the allegation as to the balance due, and the plaintiff may take a judgment without the introduction of any proof. In such circumstances the account becomes "liquidated" by operation of law, as contradistinguished from the term "unliquidated," as these two words are used in the Code.

(Citation and punctuation omitted.) *Nova Group v. M. B. Davis Elec. Co.*, 187 Ga. App. 403, 405 (370 SE2d 626) (1988). Accordingly, the trial court did not err in finding that the balance due on the attorney fees owed to Thompson & Hutson for their representation of Sprewell in the underlying actions was liquidated damages.

3. Sprewell alleges that the trial court erred in awarding Thompson & Hutson attorney fees incurred by having to bring suit to collect the fees owed to them. We disagree.

Thompson & Hutson asserted in their complaint they were entitled to attorney fees and expenses associated with their actions to recover unpaid fees under the terms of the fee agreement attached to the complaint. Sprewell's argument that the agreement is not binding between the parties to this suit is in the nature of a defense. "Entry of a default estops a defendant from offering any defenses which would defeat the right of recovery. *Nova Group v. M. B. Davis Elec. Co.*, [supra at 406]." *Roberson v. Gnann*, 235 Ga. App. 112, 113 (1) (508 SE2d 480) (1998). Therefore, there was no error in the trial court's determination that Thompson & Hutson was entitled to reasonable attorney fees for having to bring suit to collect on the debt.

As to Sprewell's argument that Thompson & Hutson failed to provide competent evidence of the reasonableness of the fees, both court orders awarding Thompson & Hutson attorney fees stated that a hearing was held on the reasonableness of such fees prior to the trial court's award. Transcripts of the two hearings on attorney fees, or a statement of facts made pursuant to OCGA § 5-6-41 (g), have not been made part of the record on appeal. In accordance with the presumption in favor of the regularity of court proceedings, we must assume that, in the absence of a transcript, the trial court's findings are supported by sufficient competent evidence. *Kirkendall v. Decker*, 271 Ga. 189, 191 (516 SE2d 73) (1999). "Where no transcript is included in the record on appeal we must assume that the evidence was sufficient to support the judgment. [Cits.]" *Burns v. Barnes*, 154 Ga. App. 802 (1) (270 SE2d 57) (1980). "This . . . is a court for the correction of errors and its decision must be made on the record and not upon the briefs of counsel." (Citation and punctuation omitted.) *Frank v. State of Ga.*, 257 Ga. App. 164, 165 (1) (570 SE2d 613) (2002). Sprewell "has failed to meet [his] burden of showing error by the record; therefore, we will not disturb the order of the trial court." Id.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MARCH 14, 2003.

*Weizenecker, Rose, Mottern & Fisher, Stephen G. Weizenecker, Vaughn W. Fisher, Jr., Melissa B. Silverman*, for appellant.
*Thompson & Hutson, Melvin R. Hutson*, for appellee.