A08A0654, A08A0655. HARDNETT v. OGUNDELE; and vice versa.
(661 SE2d 627)

BLACKBURN, Presiding Judge.

In Case No. A08A0654, following a bench trial in a dispute over Linda Hardnett's failure to pay her former attorney's fees, Hardnett appeals the judgment against her, contending that the trial court erred (1) by ruling that the contract for fees was not an unenforce-

---

able agreement to agree, and (2) by awarding attorney fees against her in the recovery action. In Case No. A08A0655, Kunlè Ogundele (Hardnett's former attorney) cross-appeals, contending that the trial court erred by failing to award him prejudgment interest on the attorney fees award. For the reasons that follow, we affirm in part, reverse in part, and remand.

"On appeal from a bench trial, we construe the evidence in favor of the judgment and will not disturb fact findings of a trial court if there is any evidence to sustain them." *Hampshire Homes v. Espinosa Constr. Svcs.*[1] So viewed, the record shows that in February 2002, Hardnett retained Ogundele to represent her in an employment discrimination case against her employer. Pursuant to an engagement agreement signed by Hardnett, Ogundele's fee consisted of a $2,000 retainer plus one-third of the proceeds from any settlement or recovery.

Hardnett paid the $2,000 retainer, and in September 2003, Ogundele procured a settlement for a cash payment of $150,986, plus the restoration of 650 hours of leave time and a retroactive promotion. After receiving the cash payment, Hardnett offered to pay Ogundele only $30,000, which he refused, citing the terms of the contingency fee contract.

After Hardnett refused his formal demand for payment, Ogundele sued Hardnett for breach of contract. Hardnett moved for summary judgment, which motion was denied, and following a bench trial, the trial court entered a judgment in favor of Ogundele, consisting of $50,328.67 (one-third of the $150,986 cash settlement), $8,723 (one-third of restored leave time valued by the court at $26,169, based on Hardnett's annual salary), and $15,625 in attorney fees. In Case No. A08A0654, Hardnett appeals the award, and in Case No. A08A0655, Ogundele cross-appeals the trial court's failure to award prejudgment interest.

## Case No. A08A0654

1. Hardnett contends that the trial court erred in ruling that the retainer contract was not an unenforceable agreement to agree. We agree only in part.

The construction of a contract is a question of law for the court; on appeal, we review the trial court's construction de novo. *Krogh v. Pargar, LLC.*[2] The contract provision at issue is as follows:

---

[1] *Hampshire Homes v. Espinosa Constr. Svcs.*, 288 Ga. App. 718, 719 (655 SE2d 316) (2007).

[2] *Krogh v. Pargar, LLC*, 277 Ga. App. 35, 37-38 (2) (625 SE2d 435) (2005).

Due to the nature of this matter, in addition to the retainer fees, Client agrees to pay from the proceeds of any settlement or recovery obtained by or through or in any way connected to this matter thirty-three and one third percent (33 1/3%) of said settlement or recovery. If the nature of the recovery is non-monetary, client and attorney agree to use their good faith effort to value said recovery in monetary terms.

Hardnett argues that because this provision does not provide a method of valuation for any nonmonetary recovery, and merely requires the parties to make a good faith effort to value any nonmonetary recovery, the entire provision is an unenforceable agreement to agree.

It is well established that no contract exists until all essential terms have been agreed to, and the failure to agree to even one essential term means that there is no agreement to be enforced. If a contract fails to establish an essential term, and leaves the settling of that term to be agreed upon later by the parties to the contract, the contract is deemed an unenforceable "agreement to agree."

(Punctuation and footnote omitted.) *Kreimer v. Kreimer*.[3]

Here, as always, we are guided by the cardinal rule of contract construction, i.e., to ascertain the intention of the parties. OCGA § 13-2-3. "If that intention is clear and it contravenes no rule of law and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction." Id. The contract provision at issue created a contingency fee arrangement whereby Hardnett was to pay Ogundele one-third of the proceeds from any recovery or settlement. The agreement to use good faith to value a nonmonetary award addressed the contingency of a nonmonetary award; it might not have ever been triggered, and it did not affect the underlying agreement that Ogundele was due one-third of the recovery proceeds in exchange for his legal services.

[W]here an instrument in writing, purporting to be a bilateral contract, contains mutual promises, which without more and when taken independently of certain subsidiary provisions in the instrument would render the instrument valid as a contract, such subsidiary provisions will not,

---

[3] *Kreimer v. Kreimer*, 274 Ga. 359, 363 (2) (552 SE2d 826) (2001).

unless their terms imperatively demand it, be given a construction that will nullify and completely destroy the entire obligations of either party under the instrument and thus render the instrument lacking in mutuality and void.

(Punctuation omitted.) *Nat. Consultants v. Burt.*[4] Consistent with this approach, we find the provision addressing nonmonetary awards subsidiary to the essential purpose of the contract, i.e., to compensate Ogundele with one-third of the proceeds from any recovery he might garner on behalf of Hardnett.

Because the agreement did not provide an enforceable method for valuing any nonmonetary portion of the settlement, the trial court erred by providing its own valuation method for them and awarding Ogundele the $8,723 portion based on the nonmonetary portion of the settlement. However, based on the wording of the contract at issue here, we do not find that this nullified the essential purpose of the contract; therefore, we affirm the $50,328.67 award representing one-third of the cash payment received by Hardnett.

2. Hardnett next challenges the award of attorney fees against her in Ogundele's breach of contract claim against her. We find some evidence of Hardnett's bad faith, but because Ogundele failed to offer sufficient evidence of the fees he incurred, we are constrained to vacate the award and remand.

"Attorney fees are recoverable under OCGA § 13-6-11 when a party has acted in bad faith, has been stubbornly litigious, or has subjected the other party to unnecessary trouble and expense." (Punctuation omitted.) *City of Lilburn v. Astra Group.*[5] With respect to the element of bad faith, the bad faith must relate

> to the defendant's conduct in entering into the contract or pertain[ ] to the transaction and dealings out of which the cause of action arose, not to the defendant's conduct after the cause of action arose. Even slight evidence of bad faith can be enough to create an issue for the [factfinder].

(Citations and punctuation omitted.) Id. at 571.

Here, the contract was signed on each page by Hardnett, an attorney, and was plain on its face as to the one-third share to which Ogundele was entitled. After Hardnett received the $150,986 settlement check, she refused to pay Ogundele the amount he was owed under the contract. Even if Hardnett disputed the amount owed under the nonmonetary award, she could not dispute that the

---

[4] *Nat. Consultants v. Burt*, 186 Ga. App. 27, 34 (3) (366 SE2d 344) (1988).
[5] *City of Lilburn v. Astra Group*, 286 Ga. App. 568, 570 (649 SE2d 813) (2007).

contract clearly required her to pay one-third of the $150,986 cash settlement, which she never offered to do. Based on these facts, we find at least some evidence of bad faith on the part of Hardnett.

Nevertheless, it is axiomatic that "[a]n award of attorney fees is unauthorized if [the claimant] failed to prove the actual costs of his attorneys and the reasonableness of those costs." (Punctuation omitted.) *Daniel v. Smith*.[6] Here, the entirety of evidence offered by Ogundele's attorney was the attorney's own statement that: "I have been a member of the State Bar since September 1986. I bill my time at $250 an hour. I don't have a billing records [sic] before me today, but I have about 125 hours in this case, and it's all largely been related to just her refusal . . . to settle." Upon questioning by Hardnett's counsel, he later clarified that he had worked "about 75" hours on this case, and the initial 125-hour figure included a prior voluntarily dismissed case on the same subject matter. He made no comment as to the reasonableness of his fees or the customary fees of attorneys with his experience in this area of law.

In light of the generalized and approximated proffer of the time spent, the lack of billing records or other evidence showing precisely how the attorney's time was spent, and the absence of any evidence as to the reasonableness of his fees, we find the evidence insufficient to authorize the trial court's award of attorney fees. See *Patton v. Turnage*[7] ("[a] party's testimony as to the approximate cost of legal fees is insufficient") (punctuation omitted); *4WD Parts Center v. Mackendrick*[8] (vacating award where trial attorney failed to identify with particularity how his time was spent); *Gray v. King*[9] (vacating award where "there was no testimony by any witness as to the reasonableness of the fees"). Compare *Santora v. American Combustion*[10] (affirming award where billing records were admitted and attorney with personal knowledge testified as to (i) how the time was computed, (ii) how time was spent in the matter at issue, and (iii) the reasonableness of the fees).

> When a party seeking attorney fees has failed to present an essential element of proof, but the trial court nevertheless awarded attorney fees, we have consistently reversed or vacated that portion of the judgment awarding the attorney

---

[6] *Daniel v. Smith*, 266 Ga. App. 637, 640 (2) (597 SE2d 432) (2004).

[7] *Patton v. Turnage*, 260 Ga. App. 744, 748 (2) (580 SE2d 604) (2003).

[8] *4WD Parts Center v. Mackendrick*, 260 Ga. App. 340, 346 (2) (d) (579 SE2d 772) (2003).

[9] *Gray v. King*, 270 Ga. App. 855, 858 (2) (b) (608 SE2d 320) (2004).

[10] *Santora v. American Combustion*, 225 Ga. App. 771, 776 (3) (485 SE2d 34) (1997).

fees and remanded the case to the trial court to hold an evidentiary hearing to allow the party, if possible, to cure the matter.

*Cannon Air Transport Svcs. v. Stevens Aviation.*[11] Accordingly, we vacate that portion of the judgment awarding Ogundele $15,625 in attorney fees and remand the case to the trial court to hold an evidentiary hearing on the amount of the attorney fees. See id.

## Case No. A08A0655

In this cross-appeal, citing OCGA § 7-4-15, Ogundele challenges the trial court's failure to grant him prejudgment interest on his award. That Code section provides, in relevant part, that "[a]ll liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them; if payable on demand, they shall bear interest from the time of the demand."

Here, on December 3, 2003, after the settlement was consummated, Ogundele wrote a demand letter to Hardnett demanding payment of "at least" $50,328.66, which represented one-third of the cash recovery of $150,986. After Hardnett refused to pay him, Ogundele filed a complaint in which he claimed interest due on the sum owed to him. Based on his demand, Ogundele asserts that his one-third share of the cash settlement was a fixed sum warranting payment of prejudgment interest.

The contract is clear that Ogundele was entitled to one-third of the proceeds of any settlement. When Hardnett received her settlement check for $150,986 as a result of Ogundele's representation, Ogundele's one-third share of the cash payment was liquidated and due. See *Commercial &c. Co. v. Sudimat, C.A.*[12] (prejudgment interest authorized where damages "were, at least to some extent, liquidated"). In light of Ogundele's demand and Hardnett's recovery of the cash amount, one-third of which was due under the attorney fees contract signed by Hardnett, we find that Ogundele was due prejudgment interest on $50,328.67 (his one-third share of the $150,986 cash settlement), accruing as of the date Hardnett received her settlement check. See *Rivergate Corp. v. Atlanta &c. Concepts*[13] ("interest accrues from the time entitlement attaches"). Accord-

---

[11] *Cannon Air Transport Svcs. v. Stevens Aviation*, 249 Ga. App. 514, 519 (6) (548 SE2d 485) (2001).

[12] *Commercial &c. Co. v. Sudimat, C.A.*, 267 Ga. App. 32, 39 (3) (599 SE2d 7) (2004).

[13] *Rivergate Corp. v. Atlanta &c. Concepts*, 210 Ga. App. 501, 503 (3) (436 SE2d 697) (1993).

ingly, we remand for adjustment of Ogundele's award in accordance with the holdings herein.

*Judgment affirmed in part and reversed in part, and case remanded with instruction. Miller and Ellington, JJ., concur.*

DECIDED APRIL 18, 2008.

*Warren R. Hinds*, for appellant.
*Alonzo Nelson*, for appellee.