### A08A1829. VAUGHTERS v. OUTLAW.

(668 SE2d 13)

BLACKBURN, Presiding Judge.

In this civil action, Shelby Outlaw (d/b/a The Outlaw Firm, P.C.), an attorney, brought suit against Dr. Vincent Vaughters to collect an unpaid legal bill for services rendered when Outlaw represented Vaughters in a domestic relations matter. Upon failure of Vaughters to timely answer, the trial court entered a default judgment in favor of Outlaw, awarding her the entire amount of the unpaid legal bill, interest, attorney fees associated with her collection efforts under the terms of a contract for legal representation, and declaratory relief. Vaughters appeals the award set forth in the default judgment, arguing that the trial court erred in (i) awarding damages without conducting a trial and hearing evidence on that issue, (ii) awarding attorney fees related to Outlaw's collection efforts, and (iii) granting declaratory relief. For the reasons set forth below, we affirm the damages and the declaratory relief awarded by the default judgment, but we vacate the attorney fees awarded pursuant to OCGA § 13-1-11 because that statute is not applicable to this matter. Furthermore, we remand the case to the trial court for a proper determination of attorney fees.

The record shows that on September 14, 2006, Vaughters hired Outlaw to provide him with legal representation in a child visitation modification matter initiated by Vaughters's former wife. Pursuant to that hiring, Vaughters immediately paid Outlaw a $5,000 retainer using his credit card and signed an "Agreement for Legal Representation."[1] The agreement set forth Outlaw's billing rates and further authorized Outlaw to seek attorney fees from Vaughters related to any collection efforts made necessary by his failure to keep current his account with the Outlaw Law Firm. Thereafter, Outlaw represented Vaughters in the visitation modification action until that matter was resolved in July 2007. Outlaw then closed Vaughters's account and notified him that his total balance due (above the $5,000 retainer which he had previously paid) was $11,736.46. On July 25, 2007, Vaughters e-mailed Outlaw to inform her that he wished to pay his legal bill with his credit card that was on file with her law firm. Based on this authorization, Outlaw charged Vaughters's credit card

---

[1] The retainer paid by Vaughters is not an issue in this appeal.

for the balance due on his account. However, on October 5, 2007, Vaughters contacted his credit card company and stopped payment on the charge for Outlaw's legal services. On the same day, Vaughters notified Outlaw by letter that he was disputing the charge for legal services based on his dissatisfaction with Outlaw's failure to seek attorney fees from Vaughters's former wife upon resolution of the visitation modification case.

Consequently, Outlaw filed suit, seeking to collect the $11,736.46 for legal services rendered, interest, attorney fees related to the cost of collection, and a declaratory judgment that there was no legal basis for seeking attorney fees from Vaughters's former wife in connection with the visitation modification case. Vaughters was served with Outlaw's complaint on October 26, 2007. On November 20, 2007, Vaughters filed a motion for extension of time to answer Outlaw's complaint, arguing that he had petitioned the State Bar to arbitrate the fee dispute and that he should not be required to file an answer until the completion of arbitration. Although Vaughters's answer was due on November 25, 2007, he did not file an answer by that date. Vaughters also failed to file an answer and motion to open the default and pay the costs in order to open the default as a matter of right under OCGA § 9-11-55 (a). On December 11, 2007, Outlaw filed a motion for default judgment. A week later, Vaughters filed a response to Outlaw's motion for default judgment and also filed an untimely answer. However, he did not file a motion to open the default, nor did he pay outstanding costs at that time. Shortly after filing his untimely answer, Vaughters received a letter from the State Bar, notifying him that his fee dispute could not be arbitrated because it was already being litigated. Nevertheless, on December 31, 2007, Vaughters filed a motion for continuance to arbitrate, in which Vaughters once again argued that he had petitioned the State Bar to have the fee dispute arbitrated but failed to disclose that he had been informed by the State Bar that it had no jurisdiction to arbitrate a dispute that was then being litigated. Outlaw filed a response to Vaughters's motion and moved to strike his untimely answer.

On February 19, 2008, the trial court held a hearing on Outlaw's motion for default judgment and Vaughters's motion for extension of time to file an answer. At the conclusion of the hearing, the trial court entered default judgment against Vaughters and awarded Outlaw $11,406.46[2] for the unpaid legal bill, interest, and for attorney fees sought by Outlaw which were incurred as a result of

---

[2] We note that the trial court's award for the unpaid legal bill was $330 less than that sought in Outlaw's complaint. The record is unclear as to the reason for this discrepancy.

her collection efforts. The trial court awarded the attorney fees sought for the collection efforts based upon Vaughters's default and applied OCGA § 13-1-11 (a) (2). The trial court also granted a declaratory judgment that there was no legal basis for seeking attorney fees from Vaughters's former wife in connection with the visitation modification case. This appeal followed.

1. In his first two enumerations of error, Vaughters contends that the trial court erred in awarding damages on default judgment without conducting a trial or otherwise requiring Outlaw to prove the value and reasonableness of the unpaid legal bill. Specifically, Vaughters argues that a trial with evidence as to damages was required because the balance due for the unpaid legal bill constituted unliquidated damages. We disagree.

OCGA § 9-11-55 (a) provides that in the event of a default, the plaintiff shall be entitled to verdict and judgment as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, without intervention of a jury, unless the action is one ex delicto or involves unliquidated damages. See *Fresh Floors v. Forrest Cambridge Apts.*;[3] *Sellers v. Nodvin*.[4] In her complaint, Outlaw avers that she and her law firm entered into a contract with Vaughters to provide him with legal representation in a child visitation modification matter and that when the matter was resolved, Vaughters failed to pay the $11,736.46 balance remaining on his account. At the hearing on Outlaw's motion for default judgment, the Agreement for Legal Representation that Vaughters signed and Outlaw's billing statements were submitted as exhibits. Given such circumstances, Outlaw's lawsuit seeks the balance due on an account. See *Sprewell v. Thompson & Hutson, S.C., LLC*.[5] In such a lawsuit,

> when there has been no plea or other defense filed by the defendant ... and the case has been marked in default under our statutes, the defendant will be taken to have admitted each and every allegation of the plaintiff's petition, including the allegation as to the balance due, and the plaintiff may take a judgment without the introduction of any proof. In such circumstances the account becomes "liquidated" by operation of law, as contradistinguished from the term "unliquidated," as these two words are used in the Code.

[3] *Fresh Floors v. Forrest Cambridge Apts.*, 257 Ga. App. 270, 272 (570 SE2d 590) (2002).
[4] *Sellers v. Nodvin*, 207 Ga. App. 742, 745-746 (3) (429 SE2d 138) (1993).
[5] *Sprewell v. Thompson & Hutson, S.C., LLC*, 260 Ga. App. 312, 314 (2) (581 SE2d 322) (2003).

Id. See *Nova Group v. M. B. Davis Elec. Co.*[6] Accordingly, the $11,406.46 in damages for Vaughters's unpaid legal bill were liquidated, and the trial court did not err in awarding such damages on default judgment to Outlaw without conducting a trial or requiring evidence of the reasonableness of the attorney fees charged on the account. See *Sprewell*, supra, 260 Ga. App. at 314 (2).

2. Vaughters contends that the trial court erred in awarding Outlaw attorney fees incurred as a result of her collection efforts, pursuant to OCGA § 13-1-11 (a) (2). Specifically, Vaughters argues that it was error to award attorney fees under this Code section because Outlaw did not comply with the statute's demand and notice requirements. While Outlaw was entitled to attorney fees as provided by the contract for the cost of collection of the account, neither the notice provision nor the method for calculating fees as provided in OCGA § 13-1-11 controls this claim by Outlaw.

"Generally an award of attorney fees is not available unless supported by statute or contract." (Punctuation omitted.) *Padilla v. Padilla.*[7] Here, the Agreement For Legal Representation signed by Vaughters stipulated that he acknowledged and agreed that "the Outlaw Firm is entitled to pursue and recover from you any and all reasonable costs for expenses and costs related to any collection efforts made necessary by delinquencies on your account." In her complaint, Outlaw asserted that she was entitled to attorney fees incurred as a result of her collection efforts pursuant to the agreement. Even though Outlaw was an attorney who did not retain outside counsel, she was entitled to attorney fees under the contract for personal services upon default judgment. See *Sprewell*, supra, 260 Ga. App. at 315 (3).

The trial court's default judgment order, however, erroneously awarded attorney fees to Outlaw pursuant to the provisions of OCGA § 13-1-11 (a). The personal services contract at issue here,

> in which [Outlaw] agreed to perform services for [Vaughters] and [Vaughters] agreed to compensate [Outlaw] for those services, is not a "note or other evidence of indebtedness," and therefore OCGA § 13-1-11 is inapplicable to this case. [Outlaw] was under no duty to notify [Vaughters] of [her] intention to seek attorney fees under the contract.

---

[6] *Nova Group v. M. B. Davis Elec. Co.*, 187 Ga. App. 403, 405 (370 SE2d 626) (1988).
[7] *Padilla v. Padilla*, 282 Ga. 273, 274 (1) (646 SE2d 672) (2007).

(Punctuation omitted.) *Holcomb v. Evans.*[8] See *O'Brien's Irish Pub v. Gerlew Holdings, Inc.*[9] (statute did not apply to exclusive listing contract); *Boddy Enterprises v. City of Atlanta*[10] (statute did not apply to bank's attempt to enforce provision in deed for attorney fees incurred as the result of an eminent domain proceeding). Compare *RadioShack Corp. v. Cascade Crossing II, LLC*[11] (statute applied to commercial lease); *Crockett v. Shafer*[12] (statute applied where client signed a promissory note regarding past unpaid legal bill). See also *Colonial Bank v. Boulder Bankcard Processing.*[13]

Upon proof of the value and reasonableness of the services, Outlaw is entitled to the cost of collection under the language of the Agreement for Legal Representation. See *Haley v. Haley;*[14] *Sprewell*, supra, 260 Ga. App. at 315 (3); *O'Brien's Irish Pub*, supra, 175 Ga. App. at 165 (4). This is the case even though Outlaw represented herself in this collection action. As we have previously held in *Harkleroad v. Stringer*,[15] which involved a similar collection action and a claim under OCGA § 9-15-14, "a law firm could recover attorney fees . . . for services rendered on its own behalf when it sued a client. . . ." *JarAllah v. American Culinary Federation.*[16] See *Sprewell*, supra, 260 Ga. App. at 315 (3) ("there was no error in the trial court's determination that [law firm representing itself] was entitled to reasonable attorney fees for having to bring suit to collect on the debt"). Accordingly, we vacate the portion of the default judgment concerning attorney fees and remand the case to the trial court for further action consistent with this opinion as to the award of attorney fees and expenses. The court should consider evidence related to the hourly fee charged, the number of hours spent on this case, and the reasonableness of the attorney fees in light of the litigation history of this case and the caliber of the attorney involved. See *Hughes v. Great Southern Midway;*[17] *Hardnett v. Ogundele.*[18]

---

[8] *Holcomb v. Evans*, 176 Ga. App. 654, 657 (3) (337 SE2d 435) (1985).

[9] *O'Brien's Irish Pub v. Gerlew Holdings, Inc.*, 175 Ga. App. 162, 165 (4) (332 SE2d 920) (1985).

[10] *Boddy Enterprises v. City of Atlanta*, 171 Ga. App. 551, 553 (320 SE2d 374) (1984).

[11] *RadioShack Corp. v. Cascade Crossing II, LLC*, 282 Ga. 841, 846 (653 SE2d 680) (2007).

[12] *Crockett v. Shafer*, 166 Ga. App. 453, 454 (2) (304 SE2d 405) (1983).

[13] *Colonial Bank v. Boulder Bankcard Processing*, 254 Ga. App. 686, 693 (8) (563 SE2d 492) (2002).

[14] *Haley v. Haley*, 282 Ga. 204, 205 (647 SE2d 10) (2007).

[15] *Harkleroad v. Stringer*, 231 Ga. App. 464, 468 (1) (499 SE2d 379) (1998).

[16] *JarAllah v. American Culinary Federation*, 242 Ga. App. 595, 596 (2) (529 SE2d 919) (2000), citing *Harkleroad*, supra, 231 Ga. App. at 468 (1).

[17] *Hughes v. Great Southern Midway*, 265 Ga. 94, 95 (1) (454 SE2d 130) (1995).

[18] *Hardnett v. Ogundele*, 291 Ga. App. 241, 246 (2) (661 SE2d 627) (2008).

3. Vaughters erroneously contends that the trial court erred in granting a declaratory judgment to Outlaw via the default judgment, arguing that doing so constituted a grant of equitable relief and that the court was required to hear evidence before granting such relief. This argument lacks merit.

A petition for declaratory judgment is an action at law. See OCGA § 9-4-2; *VATACS Group v. HomeSide Lending.*[19] OCGA § 9-4-5 provides that a proceeding instituted under the Declaratory Judgment Act "shall be filed and served as are other cases in the superior courts of this state." Under OCGA § 9-11-81 the Civil Practice Act applies to "all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law. . . ." Thus, a petition for declaratory judgment is governed by the practice rules contained in the Civil Practice Act, including the rules pertaining to default judgment. See *Town of Thunderbolt v. River Crossing Apts.*[20]

In the portion of her complaint seeking declaratory judgment, Outlaw alleges that she represented Vaughters in the child visitation modification case filed by Vaughters's former wife after his former wife had obtained a family violence protective order against him. She further alleges that this case was resolved when Vaughters's former wife agreed to a voluntary dismissal and the trial court consequently vacated its protective order. Based on these allegations, Outlaw sought a declaratory judgment that Vaughters had no statutory basis for seeking attorney fees from his former wife. Vaughters failed to file a timely answer in response to Outlaw's petition and failed to open the default. Under such circumstances, Vaughters was deemed to have admitted each and every allegation of Outlaw's petition, including the allegations supporting a declaratory judgment that Vaughters was not entitled to attorney fees from his former wife as a result of her dismissal of the child visitation modification case. See *Town of Thunderbolt*, supra, 189 Ga. App. at 609 (2).

On appeal, Vaughters contends that regardless of his admissions, a trial on damages was required because he may have been entitled to seek attorney fees from his former wife for abusive litigation under OCGA § 9-15-14 (b). However, OCGA § 9-15-14 (b) allows a party to a lawsuit to recover attorney fees only from "another party who has unnecessarily expanded the proceeding by improper conduct, including, but not limited to, abuses of discovery." (Punctua-

---

[19] *VATACS Group v. HomeSide Lending*, 281 Ga. 50 (635 SE2d 758) (2006).
[20] *Town of Thunderbolt v. River Crossing Apts.*, 189 Ga. App. 607, 609 (2) (377 SE2d 12) (1988).

tion omitted.) *Betallic, Inc. v. Deavours*.[21] We agree that Outlaw was entitled to a judgment that Vaughters was not entitled to attorney fees from his former wife under OCGA § 9-15-14 (b) based on the admissions that Vaughters's former wife had successfully obtained a family violence protective order against him and that this order was only vacated after his former wife agreed to voluntarily dismiss the case. Accordingly, the trial court did not err in granting declaratory relief to Outlaw via the default judgment, as Vaughters was in default as to such claim.

*Judgment affirmed in part and vacated in part and case remanded with direction. Miller and Ellington, JJ., concur.*

DECIDED SEPTEMBER 19, 2008.

*Celeste F. Brewer*, for appellant.
*Shelby A. Outlaw*, pro se.

