**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 19, 2014**

# In the Court of Appeals of Georgia

A14A0341. HAL WRIGHT, ESQ., P.C. v. GENTEMANN.

ANDREWS, Presiding Judge.

Hal Wright, Esq., P.C. (the "P.C."), the professional corporation for the law practice of Howell Franklin Wright, filed an action against Gerald Gentemann in the trial court to collect an unpaid invoice for attorney fees under a contract for legal services. Following a bench trial, the trial court entered a judgment for the P.C. in the amount of $19,715.70, which included an award of attorney fees and expenses the P.C. incurred in retaining outside counsel to represent it in the action. The P.C. appeals, arguing that the trial court also should have awarded it attorney fees for professional services Wright rendered in the action before the P.C. engaged outside

counsel.[1] We conclude that the trial court refused to award the P.C. fees for Wright's services on an erroneous legal ground, and we therefore reverse the trial court's judgment in part and remand for the trial court to determine whether the P.C. proved that the fees in issue are reasonable.

In an appeal from a bench trial, we apply a de novo standard of review to questions of law decided by the trial court. *Antonios v. Gwinnett Clinic*, 294 Ga. App. 101, 102 (1) (668 SE2d 531) (2008).

The evidence at trial showed that in or around June 2011, three of Gentemann's former business associates, who resided in Japan, asserted that Gentemann had defrauded them, and Gentemann contacted Wright about these allegations. On or around July 1, 2011, Wright sent Gentemann a contract for legal services. Although Gentemann had not yet executed the contract for legal services, Wright corresponded with the attorney in Japan representing Gentemann's business associates regarding evidence she provided to support the fraud allegations. On August 10, 2010, Wright sent the attorney in Japan a final response to the fraud allegations. On the same date, Gentemann executed the contract for legal services. The contract provided that

---

[1] Gentemann, who represented himself in the trial court, has not filed an appellee's brief.

Gentemann would pay an hourly rate of $260 for legal services, that a delinquency charge of one and a half percent interest per month would apply to statements that were unpaid after 30 days, and that "[the P.C.] is entitled to attorney's fees and costs if collection activities are necessary."

On October 25, 2011, Wright sent Gentemann a letter stating that the P.C. had concluded its representation of Gentemann and that Gentemann owed attorney fees of $12,168. No payment was forthcoming, and the P.C. commenced its action against Gentemann. Wright initially represented the P.C. in the action, but the P.C. eventually retained outside counsel. Wright testified at trial that Gentemann owed the P.C. the fees specified in the October 25 letter and $3,723 in interest. According to an itemization of damages entered into evidence, the P.C. sought to recover a total of $19,239.90 in fees and expenses associated with bringing the action against Gentemann, broken down as follows: $12,189 in attorney fees and $497.72 in expenses for Wright's representation of the P.C. and $4,840 in attorney fees and $1,713.20 in expenses in hiring outside counsel. A timesheet detailing Wright's work on the matter and a detailed invoice from outside counsel were attached to the itemization, and Wright testified that in his opinion, the fees incurred were reasonable.

At the conclusion of the bench trial, the trial court stated that it would enter judgment in the P.C.'s favor for $12,168 for legal services to Gentemann, $3,024 in interest, and $4,523.70 in attorney fees and costs for hiring outside counsel. The trial court excluded fees and expenses for Wright's representation of the P.C., stating: "I'm not awarding any attorneys fees to Mr. Wright for his own work . . . in this case." Regarding outside counsel's fees and expenses, the trial court explained that it was excluding fees for leaving telephone messages and those associated with a motion for reconsideration that was ultimately withdrawn, stating there "wasn't a reason for it." Judgment was entered consistent with these rulings.

The P.C. thereafter filed a motion for reconsideration, arguing that the trial court erred in excluding attorney fees and expenses associated with Wright's legal services in the action against Gentemann. The P.C. filed its notice of appeal before the trial court ruled on the motion. The trial court then entered an order and amended judgment denying the motion with regard to recovery of additional attorney fees but awarding the P.C. an additional $497.72, representing Wright's expenses in the action against Gentemann.

1. The P.C. argues that the trial court erred in concluding that the attorney fee provision in the contract for legal services did not authorize an attorney fee award for Wright's professional services in the action against Gentemann.

"Generally an award of attorney fees is not available unless supported by statute or contract." (Citation omitted.) *Cason v. Cason*, 281 Ga. 296, 299 (3) (637 SE2d 716) (2006). The parties' contract in this case expressly authorized an award of attorney fees, stating that "[the P.C.] is entitled to attorney's fees and costs if collection activities are necessary." When a contract for legal services contains a provision like this one, an award of attorney fees is available with respect to a firm or attorney's self-representation in an action to collect fees owed by a client. *Abrams v. Putney*, 304 Ga. App. 626, 628-629 (1) (697 SE2d 269) (2010) (evidence was sufficient to support fee award to attorney for his partial handling of collection action against former client); *Vaughters v. Outlaw*, 293 Ga. App. 620, 623 (2) (668 SE2d 13) (2008) (attorney who filed suit to recover attorney fees from former client was entitled to attorney fees even though she did not retain outside counsel); *Sprewell v. Thompson & Hutson, South Carolina, LLC*, 260 Ga. App. 312, 315 (3) (581 SE2d 322) (2003) (trial court did not err in determining that law firm was entitled to recover attorney fees and expenses associated with its work in collection action).

5

Nonetheless, when it verbally announced its judgment, the trial court stated that it was excluding fees and expenses for Wright's own work in the case. It gave no indication at the time that the fees were excluded as unreasonable. By contrast, when it addressed the fees and expenses for outside counsel, the trial court explained that it was excluding certain amounts as unwarranted or unreasonable. Based on the trial court's remarks, we conclude that the trial court declined to award any attorney fees for Wright's work in the action against Gentemann on the erroneous ground that the fee shifting clause in the contract for legal services did not allow a fee award for Wright's own services. See *Infinite Energy v. Cottrell*, 295 Ga. App. 306, 311 (5) (671 SE2d 294) (2008) ("[A] court's oral pronouncements on the record may provide insight on the intent of [its] judgment") (punctuation and footnote omitted). As such, we must reverse the trial court's judgment in part and remand the case for the trial court to apply the proper standard. See *Hill v. Clarke*, 310 Ga. App. 799, 800 (714 SE2d 385) (2011) (reversing and remanding when trial court denied statutory attorney fees based on erroneous legal theory).

While there is no per se rule that disallows the P.C.'s contractual claim for attorney fees for Wright's services, "[i]t is well-settled that an award of attorney fees is to be determined upon evidence of the reasonable value of the professional services

6

which underlie the claim for attorney fees." *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 403 (1) (433 SE2d 606) (1993). Thus, on remand, the trial court must determine whether the P.C. met its burden of proving the value and reasonableness of the fees for Wright's work. See *Vaughters*, supra, 293 Ga. App. at 624 (2).

2. In its order on the P.C.'s motion for reconsideration, the trial court concluded that the attorney fees at issue in this appeal were unreasonable, noting that, if awarded, the P.C. would recover a total of $16,712.98 in fees and expenses, an amount that would exceed Gentemann's original debt. "Georgia law is clear that the filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect." (Citation and punctuation omitted.) *Lowe v. Center Neurology Assoc., P.C.*, 288 Ga. App. 166, 168 (1) (653 SE2d 318) (2007); OCGA § 5-6-46 (a). As such, the trial court's order granting in part and denying in part the motion for reconsideration is void and of no effect. See *Screven v. Drs. Gruskin & Lucas, P.C.,* 227 Ga. App. 756, 757 (1) (490 SE2d 422) (1997).

*Judgment reversed in part and case remanded with direction. McFadden and Ray, JJ., concur*.