**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 7, 2020**

# In the Court of Appeals of Georgia

A20A0316. STEED v. STEED.

COOMER, Judge.

Christopher Steed ("Father") appeals from the trial court's order declining to modify the parenting plan for his three minor children, increasing the amount of child support he is required to pay, and awarding attorney fees to his ex-wife. On appeal, Father argues that the trial court erred in (i) not modifying the parenting plan; (ii) its calculation of child support; and (iii) awarding attorney fees. For the following reasons, we vacate the trial court's award of attorney fees, and affirm the remainder of the order.

Father and Margaret Steed ("Mother") were divorced in 2015. The final divorce decree awarded Father and Mother joint legal custody over the couples' three minor children and primary physical custody to Mother. In addition, the decree

ordered Father to pay Mother $3,535 per month in child support. In 2017, Father filed a petition to modify the parenting plan and child support. Following a hearing, the trial court declined to modify the parenting plan, increased the amount of child support owed by Father each month, and awarded $26,250 in attorney fees to Mother. This appeal followed.

## *Child custody modification*

Father argues that since the divorce, a change in circumstances affecting the welfare of the children necessitates a change in custody. Specifically, he alleges that the following evidence demonstrated a change in circumstance: (i) Mother moved several times since the divorce, (ii) the moves resulted in changes in school for the children, (iii) a "parade of nannies" was used to care for the children, and (iv) Mother "prioritizes her interests" above those of the children, and uses them as "pawns" in disagreements with Father.

In its order, the trial court found that Father had "not demonstrated a material change of conditions or circumstances that would authorize the Court to modify child custody" and that the terms from the original decree would remain in effect.

## *Child Support*

Initially, Father requested no child support modification. In an amended answer to Father's petition, Mother alleged that Father's income had increased substantially, and sought an increase in child support. Father later amended his pleading after undergoing shoulder surgery in October 2018. Based on the surgery, he sought a downward modification of child support because an extended recovery forced him out of work and he received temporary disability benefits of $6,000 per month.

In the final order, the trial court made detailed findings in which it determined that at the time of divorce in 2015 Father earned $18,000 per month. For the tax years 2017 and 2018, Father earned an average of $31,126.06 per month. The trial court therefore increased the amount of child support owed from $3535 per month to $4149 per month. The trial court made no mention of Father's surgery or request for a downward modification.

*Attorney fees*

At the hearing, Mother testified that she paid her current attorney $7,256.17 to date, and owed him another $7,670.37. She also testified that she had paid her prior attorney $7,000.00 and that she still owed that attorney another $44,000. There were no bills presented, and no testimony from either of Mother's attorneys as to the

reasonableness of the fees. Ultimately, the trial court awarded $26,250 in attorney fees to Mother. This appeal followed.

1. Father argues that the trial court erred in denying his petition to modify the parenting plan. We disagree.

> Whether particular circumstances warrant a change in custody is a fact question determined under the unique situation in each individual case. Our review of the trial court's determination on this issue is for abuse of discretion, and where there is any evidence to support the trial court's finding, we will not find there was an abuse of discretion.

*Burnham v. Burnham*, 350 Ga. App. 348, 351 (2) (829 SE2d 425) (2019) (citations and punctuation omitted).

Father contends that the evidence he relies on to support his argument that a change in condition occurred — that Mother frequently moves, the children often change schools, and that Mother generally turns the children against Father — are the types of actions taken by a parent that our appellate courts have consistently held warrants a finding of change in circumstances. Father is correct that we have concluded these types of actions by a parent can warrant a finding of a change in circumstances. See e.g. *Lowry v. Winenger*, 340 Ga. App. 382, 385 (1) (797 SE2d 230) (2017) (changes in school arrangements was a factor in authorizing a change of

4

custody); *Neal v. Hibbard*, 296 Ga. 882, 884 (1) (770 SE2d 600) (2015) ("[A] relocation of a parent is a factor that the trial court can consider in determining the best interests of the child."); *Adams v. Adams*, 219 Ga. 633, 635 (135 SE2d 428) (1964) (attempt by divorced parent to poison mind of child against other parent would authorize the judge in the exercise of his discretion to make a change in custody).

We cannot say, however, that as a matter of law, the trial court was required to accept the evidence on these factors and determine that a change in circumstances occurred. Having heard all of the evidence, the trial court found that the discord in the family was a result of the parents having issues between themselves. Specifically, the trial court concluded that the parents,"do not get along, and again . . . are having a custody dispute over their children. . . .[T]he nightmare is this constant tug of war that occurs from both parents. And the rope – the ropes are 10, 8, and 6 years old." Having found that the litigious family dynamic was a result of the parents' hostile relationship, the trial court then correctly concluded that there was no material change in circumstances. See *Cousens v. Pittman*, 266 Ga. App. 387, 390 (597 SE2d 486) (2004) (Evidence of the divorced parties' bickering and hostile relationship continuing since the divorce was not a new or material change in circumstances); *Park-Poaps v. Poaps*, 351 Ga. App. 856, 862 (2) (833 SE2d 554) (2019) ("[P]arental

5

discord that has been ongoing since before the prior custody award does not constitute a material change in circumstances.").

Moreover, the trial court also found that even if there were a material change in circumstances, it would not be in the best interests of the children to modify the original parenting plan. See *Fifadara v. Goyal*, 318 Ga. App. 196, 197 (733 SE2d 478) (2012) ("Any change in custody is subject to the trial court's discretion based on the best interests of the child." (citation omitted)). Deferring to the trial court's factual determinations based on the evidence in the record, we find that it appropriately considered all relevant factors, and that there is no basis to reverse its ruling.

2. Father next argues that the trial court was required to grant his request for a downward modification. We disagree.

Father maintains that because he suffered an involuntary loss of income resulting from his shoulder surgery, the trial court was obligated to impose a downward departure. OCGA § 19-6-15 (j) (1) provides in pertinent part that

> [i]n the event a parent . . . incurs a loss of health . . . resulting in a loss of income of 25 percent or more, then the portion of child support attributable to lost income shall not accrue from the date of the service

6

of the petition for modification, provided that service is made on the other parent.

Father argues that the language "shall not accrue" means that the trial court lacks discretion and must apply a downward departure. However, our Supreme Court has explained that

> OCGA § 19-6-15 (j) does not simply authorize a child support obligor who has suffered involuntary loss of income and seeks a downward modification to begin paying what he or she calculates as the new amount of child support; what it does provide is that, should the party seeking the downward modification prevail on a petition seeking to do so, "then the portion of child support attributable to lost income shall not accrue from the date of the service of the petition for modification. . . ." But, the fact that a child support obligor faced with a reduction in income has submitted a petition for modification with a worksheet setting forth a certain amount for child support does not render the resulting income and support figures binding upon the trial court. Rather, the trial court can determine whether the income figure put forth by the obligor is accurate, determine income, and calculate child support accordingly.

*Friday v. Friday*, 294 Ga. 687, 690-691 (2) (755 SE2d 707) (2014).

The trial court made extensive written findings in its recalculation of child support taking into account the parties' respective incomes, Father's overall increased

income since the divorce, and the updated child support worksheets submitted by Mother. Because the trial court considered all of the evidence in determining the amount of modified child support, and it was not obligated to accept Father's proposed downward departure, this enumeration lacks merit.

3. Father also argues that the trial court erred by including work-related child care costs in calculating the new amount of child support. We again disagree.

Father alleges that the trial court should not have retained the original $1400 per month work-related child care costs in the new amount because Mother did not provide proof of the payment or cost as required by OCGA §19-6-15 (h) (1).

The trial court found, and Father does not dispute, that "neither party demonstrated that there has been any change in the monthly work-related child care expenses[.]" Under OCGA §19-6-15 (k), a parent may petition for a child support modification based on "a substantial change in either parent's income and financial status *or* the needs of the child." (emphasis supplied). Here, neither party alleged a change in the needs of the children, and the modification was based solely on the increase in Father's income. Therefore, the trial court did not err in including the $1400 per month in work-related expenses from the original child support calculation as determined at the time of divorce.

4. Finally, Father argues the trial court erred in awarding attorney fees to Mother. We agree.

"Generally an award of attorney's fees is not available unless supported by contract or statute." *Cason v. Cason*, 281 Ga. 296, 299 (3) (637 SE2d 716) (2006) (citations omitted). Here, the trial court awarded Mother $26,250.00 in attorney fees "pursuant to O.C.G.A. §19-9-3(g) and O.C.G.A. §19-6-15(k)(5)[.]" OCGA §19-9-3 (g) provides that the trial court may "order reasonable attorney's fees" in child custody actions. OCGA §19-6-15 (k) (5) provides for an award of attorney's fees, costs and expenses of litigation to the prevailing party in a proceeding for the modification of child support.

At the final hearing the only evidence regarding attorney fees was the testimony of Mother. She testified that she had paid her current attorney $7,256.17 to date, and that she owed him another $7,670.37. She also testified that she had paid her prior counsel $7,000 and that she owed an additional $44,000. There were no bills presented, no testimony from either of Mother's attorneys as to the reasonableness of their fees, and no breakdown to establish what services were provided by the attorneys.

"It is well settled that an award of attorney fees is unauthorized if a party failed to prove the actual costs of the attorney and the reasonableness of those costs." *Harris v. Williams*, 304 Ga. App. 390, 395 (3) (696 SE2d 131) (2010) (citation and punctuation omitted), overruled on other grounds by *Viskup v. Viskup*, 291 Ga. 103, 107 (3) (727 SE2d 97) (2012). Without evidence of the reasonableness of the fees, hourly rate of the attorneys or the services they rendered, or evidence of other similar factors, the trial court lacked a sufficient basis to award fees to Mother in the amount of $26,250.00. See *Vaughters v. Outlaw*, 293 Ga. App. 620, 624 (2) (668 SE2d 13) (2008) (award of attorney fees vacated and case remanded for the trial court to "consider evidence related to the hourly fee charged, the number of hours spent on this case, and the reasonableness of the attorney fees in light of the litigation history of this case and the caliber of the attorney involved."); *Webb v. Watkins*, 283 Ga. App. 385, 386 (2) (641 SE2d 611) (2007) ("A party seeking fees must also introduce evidence of hours, rates, or some other indication of the value of the professional services actually rendered." (citation and punctuation omitted)); compare *Gordon v. Abrahams*, 330 Ga. App. 795, 799 (3) (b) (769 SE2d 544) (2015) (attorney fees under OCGA § 19-9-3 (g) proper where counsel offered billing statements and testified as to his hourly rate; that he was in his fourth year of practice; that his work was

overseen by a partner; that he had worked on the case for 55.4 hours prior to the hearing; and that the fees were reasonable). Accordingly, we vacate the portion the trial court's order concerning attorney fees and remand the case to the trial court for further action consistent with this opinion as to the award of attorney fees. *Vaughters*, 293 Ga. App. at 624 (2).

*Judgment affirmed in part and vacated in part and remanded. Miller, P. J., and Mercier, J., concur*.